Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

~~Jacksonville~~ Division

|  |  |  |
|---|---|---|
| COREY L. MILLEDGE | ) | Case No. 3:20-CV-269-J-39 PDB |
| _____ | ) | (to be filled in by the Clerk's Office) |
| Plaintiff(s) | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |  |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| -v- | ) |  |
|  | ) |  |
|  | ) | **FIRST AMENDED COMPLAINT** |
| JEFFREY R. MCCLELLAN, ET AL. | ) |  |
| _____ | ) |  |
| Defendant(s) | ) |  |
| *(Write the full name of each defendant who is being sued. If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* | ) |  |
| *write "see attached" in the space and attach an additional page* | ) |  |
| *with the full list of names.  Do not include addresses here.)* | ) |  |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

I

CONTINUANCE

BARRY V. REDDISH
MICHAEL HONOUR
M. HANDLEY
WILLIAM R. HALL
CHAMBERS
DANNY HALSEY
ROBERT ATTEBERRY
M. CHANDRONNET
STEPHEN DOUGLAS
T. WATSON
WARREN
S. HANSON
GARY DEAN
D. MITCHELL
TAYLOR HEWITT
KELLY
L. WILKERSON
G. ESPINO
D. ROBINSON
A. TURBYFILL
FORD
C. DANLEY

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | COREY L. MILLEDGE |
| All other names by which you have been known: | NOT - APPLICABLE |
| ID Number | Q12023 |
| Current Institution | FLORIDA STATE PRISON |
| Address | P.O. BOX 800 |
| | RAIFORD          FL          32083 |
| | *City*          *State*          *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JEFFREY R. MCCLELLAN |
| Job or Title *(if known)* | ASSISTANT WARDEN |
| Shield Number | UNKNOWN |
| Employer | FLORIDA STATE PRISON |
| Address | 7819 N.W. 228ᵗ STREET |
| | RAIFORD          FL          32026 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity   ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | BARRY V. REDDISH |
| Job or Title *(if known)* | WARDEN |
| Shield Number | UNKNOWN |
| Employer | FLORIDA STATE PRISON |
| Address | 7819 N.W. 228ᵗ STREET |
| | RAIFORD          FL          32026 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity   ☐ Official capacity

3

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | MICHAEL HONOUR |
| Job or Title *(if known)* | COLONEL |
| Shield Number | UNKNOWN |
| Employer | FLORIDA STATE PRISON |
| Address | 7319 N W 228ᵗʰ STREET |
| | RAIFORD        FL        32026 |
| | City        State        Zip Code |

☑ Individual capacity   ☐ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | M. HANDLEY |
| Job or Title *(if known)* | MAJOR |
| Shield Number | UNKNOWN |
| Employer | FLORIDA STATE PRISON |
| Address | 7319 N W 228ᵗʰ STREET |
| | RAIFORD        FL        32026 |
| | City        State        Zip Code |

☑ Individual capacity   ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges. or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

EACH NAMED DEFENDANTS VIOLATED PLAINTIFF's EIGHTH AMENDMENTS RIGHTS.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

4

CONTINUANCE

## DEFENDANT NO. 5

NAME — WILLIAM R. HALL

JOB OR TITLE (IF KNOWN) — CAPTINE

SHIELD NUMBER — UNKNOWN

EMPLOYER — FLORIDA STATE PRISON

ADDRESS — 7819 N.W. 228ᵀ STREET

RAIFORD        FL        32026

CITY        STATE        ZIP CODE

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

## DEFENDANT NO. 6

NAME — CHAMBERS

JOB OR TITLE (IF KNOWN) — LIEUTENANT

SHIELD NUMBER — UNKNOWN

EMPLOYER — FLORIDA STATE PRISON

ADDRESS — 7819 N.W. 228ᵀ STREET

RAIFORD        FL        32026

CITY        STATE        ZIP CODE

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

## DEFENDANT NO. 7

NAME — DANNY HALSEY

JOB OR TITLE (IF KNOWN) — SERGEANT

SHIELD NUMBER — UNKNOWN

EMPLOYER — FLORIDA STATE PRISON

ADDRESS — 7819 N.W. 228ᵀ STREET

RAIFORD        FL        32026

CITY        STATE        ZIP CODE

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

CONTINUANCE

DEFENDANT NO. 8
 NAME — ROBERT ATTEBERRY
 JOB OR TITLE (IF KNOWN) — SERGEANT
 SHIELD NUMBER — UNKNOWN
 EMPLOYER — FLORIDA STATE PRISON
 ADDRESS — 7819 N.W. 228ᵗ STREET

| RAIFORD | FL | 32026 |
|---------|-----|----------|
| CITY | STATE | ZIP CODE |

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

DEFENDANT NO. 9
 NAME — M. CHANDRONNET
 JOB OR TITLE (IF KNOWN) — SERGEANT
 SHIELD NUMBER — UNKNOWN
 EMPLOYER — FLORIDA STATE PRISON
 ADDRESS — 7819 N.W. 228 "STREET

| RAIFORD | FL | 32026 |
|---------|-----|----------|
| CITY | STATE | ZIP CODE |

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

DEFENDANT NO. 10
 NAME — STEPHEN DOUGLAS
 JOB OR TITLE (IF KNOWN) — SERGEANT
 SHIELD NUMBER — UNKNOWN
 EMPLOYER — FLORIDA STATE PRISON
 ADDRESS — 7819 N.W. 228 "STREET

| RAIFORD | FL | 32026 |
|---------|-----|----------|
| CITY | STATE | ZIPCODE |

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

CONTINUANCE

DEFENDANT NO.11
NAME                              T. WATSON
JOB OR TITLE (IF KNOWN)           SERGEANT
SHIELD NUMBER                     UNKNOWN
EMPLOYER                          FLORIDA STATE PRISON
ADDRESS                           7819 N.W 228ᵗʰ STREET
                                  RAIFORD      FL      32026
                                  CITY         STATE   ZIPCODE
                          ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY


DEFENDANT NO.12
NAME                              WARREN
JOB OR TITLE (IF KNOWN)           SERGEANT
SHIELD NUMBER                     UNKNOWN
EMPLOYER                          FLORIDA STATE PRISON
ADDRESS                           7819 N.W. 228ᵗʰ STREET
                                  RAIFORD      FL      32026
                                  CITY         STATE   ZIPCODE
                          ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY


DEFENDANT NO.13
NAME                              S. HANSON
JOB OR TITLE (IF KNOWN)           CORRECTIONAL OFFICER
SHIELD NUMBER                     UNKNOWN
EMPLOYER                          FLORIDA STATE PRISON
ADDRESS                           7819 N.W. 228ᵗʰ STREET
                                  RAIFORD      FL      32026
                                  CITY         STATE   ZIPCODE
                          ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY


7

CONTINUANCE

DEFENDANT   NO. 14
NAME — GARY DEAN
JOB OR TITLE (IF KNOWN) — CORRECTIONAL OFFICER
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLORIDA STATE PRISON
ADDRESS — 7819 N.W. 228th STREET
RAIFORD        FL        32026
CITY        STATE        ZIPCODE
☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT   NO. 15
NAME — D. MITCHELL
JOB OR TITLE (IF KNOWN) — CORRECTIONAL OFFICER
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLORIDA STATE PRISON
ADDRESS — 7819 N.W. 228th STREET
RAIFORD        FL        32026
CITY        STATE        ZIPCODE
☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT   NO. 16
NAME — TAYLOR HEWITT
JOB OR TITLE (IF KNOWN) — CORRECTIONAL OFFICER
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLORIDA STATE PRISON
ADDRESS — 7819 N.W. 228th STREET
RAIFORD        FL        32026
CITY        STATE        ZIPCODE
☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

8

CONTINUANCE

**DEFENDANT NO 17**
NAME — KELLY
JOB OR TITLE (IF KNOWN) — CORRECTIONAL OFFICER
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLA. DEP'T OF CORR.
ADDRESS — **UNABLE TO OBTAIN ADDRESS**

CITY      STATE    ZIP CODE

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY


**DEFENDANT NO. 18**
NAME — L. WILKERSON
JOB OR TITLE (IF KNOWN) — NURSE
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLORIDA STATE PRISON
ADDRESS — 7819 N.W. 228ᵗʰ STREET
RAIFORD      FL      32026
CITY      STATE    ZIP CODE

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY


**DEFENDANT NO. 19**
NAME — G. ESPINO
JOB OR TITLE (IF KNOWN) — PHYSICIAN
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLORIDA STATE PRISON
ADDRESS — 7819 N.W. 228ᵗʰ STREET
RAIFORD      FL      32026
CITY      STATE    ZIPCODE

☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

CONTINUANCE

DEFENDANT NO. 20
NAME — D. ROBINSON
JOB OR TITLE (IF KNOWN) — NURSE
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLA. DEPT. OF. CORR.)
— CENTURIAN —
ADDRESS — 7819 N.W. 228TH STREET
RAIFORD FL 32026
CITY STATE ZIPCODE
✓ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT NO. 21
NAME — A. TURBYFILL
JOB OR TITLE (IF KNOWN) — NURSE
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLA. DEPT. OF. CORR.)
— CENTURIAN —
ADDRESS — UNABLE TO OBTAIN ADDRESS
CITY STATE ZIPCODE
✓ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT NO. 22
NAME — FORD
JOB OR TITLE (IF KNOWN) — NURSE
SHIELD NUMBER — UNKNOWN
EMPLOYER — FLA. DEPT. OF CORR.)
— CENTURIAN —
ADDRESS —
CITY STATE ZIPCODE
✓ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

CONTINUANCE

DEFENDANT   NO. 23
    NAME                                    C. DANLEY
    JOB OR TITLE (IF KNOWN)   MEDICAL ASSISTANCE
    SHIELD   NUMBER                        UNKNOWN
        EMPLOYER                    FLA. DEPT. OF. CORR.,
                                          - CERTURIAN -
        ADDRESS                     7819 N.W. 228^ STREET
                          RAIFORD      FL      32026
                          CITY        STATE    ZIP CODE
                      ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

NOT - APPLICABLE

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color
of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of
federal law. Attach additional pages if needed.

THE FACTS THAT SHOW HOW EACH NAMED DEFENDANT
ACTED UNDER COLOR OF LAW. THESE FACTS SET
FORTH ON PAGES 14-32 BELOW.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims. Do not cite
any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

NOT - APPLICABLE

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

THE INCIDENT(S) COMPLAINED OF OCCURRED AT
FLORIDA STATE PRISON. THESE FACTS SET FORTH ON
PAGES 15, 16, 19, 20, 22, 23, 26, 31 BELOW.

12

C.    What date and approximate time did the events giving rise to your claim(s) occur?

THE DATE(S) OF THE INCIDENTS SUED UPON. THESE FACTS SET FORTH ON PAGES 15, 16, 19, 20, 22, 23, 26, 31 BELOW.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

THE FACTS UNDERLYING PLAINTIFF'S CLAIMS. THESE FACTS SET FORTH ON PAGES 33-47 BELOW.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

THE INJURIES SUSTAINED RELATING TO THE INCIDENT(S) SUED UPON. THESE FACTS SET FORTH ON PAGES 19, 20, 22, 23, 25, 29, 30 BELOW.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

DECLARATION THAT DEFENDANTS VIOLATED PLAINTIFF RIGHTS; COMPENSATORY DAMAGES AND PUNITIVE DAMAGES AND NOMINAL DAMAGES AGAINST EACH OF THE DEFENDANTS HEREIN; A TRIAL BY JURY ON ALL ISSUES SO TRIABLE; AND ANY ADDITIONAL RELIEF THIS COURT DEEM JUST, PROPER, AND EQUITABLE.

## FACTS

1. PLAINTIFF COREY MILLEDGE IS AN INMATE IN THE CUSTODY OF THE FLORIDA DEPARTMENT OF CORRECTIONS WHO IS SERVING A (15) YEAR PRISON SENTENCE.

2. AT ALL TIMES RELEVANT TO THE INCIDENTS HEREIN, PLAINTIFF COREY MILLEDGE WAS EITHER THIRTY-ONE (31) OR THIRTY-TWO (32) OR THIRTY-THREE (33) YEAR OLD, WITH A HEIGHT OF 5'7"; AND WEIGHING 150 POUNDS.

3. IN MARCH OF 2018, PLAINTIFF COREY MILLEDGE WAS PLACED UNDER DEFENDANT BARRY REDDISH SUPERVISION. DEFENDANT REDDISH IS THE WARDEN OF FLORIDA STATE PRISON WHO IS THE POLICYMAKER RESPONSIBLE FOR THE CARE, CONTROL, AND SUPERVISION OF ALL INMATES AND PERSONNEL EMPLOYED AT FLORIDA STATE PRISON. WARDEN REDDISH WAS ALSO RESPONSIBLE FOR IMPLEMENTING POLICY, SUPERVISING, DISCIPLINING, AND ENFORCING ALL ORDERS, RULES, AND REGULATIONS OF THE FLORIDA DEPARTMENT OF CORRECTIONS.

4. WARDEN REDDISH RECEIVED NOTICE THROUGH INCIDENT REPORTS, INMATE GRIEVANCES, CITIZEN COMPLAINTS, INQUIRES, INSPECTOR GENERAL REPORTS, AND OTHER DOCUMENTS OBTAINED BY THE FLORIDA DEPARTMENT OF CORRECTIONS OF WIDESPREAD ABUSE TOWARD INMATES AT FLORIDA STATE PRISON AND FAILED TO TAKE CORRECTIVE STEPS TO STOP IT.

5. BEFORE THE INCIDENTS IN QUESTION, PLAINTIFF COREY MILLEDGE FILED A LAWSUIT AGAINST WARDEN REDDISH. WARDEN REDDISH DID NOT LIKE THE FACT THAT MILLEDGE FILED A LAWSUIT AGAINST HIM.

6. ON MARCH 15, 2018, AT FLORIDA STATE PRISON, WARDEN REDDISH THREATENED MILLEDGE SAYING "I'm HAVE MY OFFICERS KILL YOU OR HURT YOU IF YOU DON'T DROP THE LAWSUIT AGAINST ME". MILLEDGE BECAME AFRAID AFTER HEARING WARDEN REDDISH THREATENED WORDS.

7. DEFENDANT REDDISH WERE AWARE THROUGH THE DOCUMENTATION AS PREVIOUSLY STATED, THAT THE FLORIDA STATE PRISON MAINTAINED A CUSTOM OR POLICY OF CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES, WHICH HE CONDONED OR ACQUIESCED IN AND KEPT IN EFFECT WHILE HE WAS THE WARDEN OF FLORIDA STATE PRISON. THUS, WARDEN REDDISH FAILED TO DISCIPLINE OFFICERS WHO ABUSE INMATES OR FAILED TO DISCIPLINE OFFICERS WHO STOOD BY WATCHING OTHER OFFICERS ABUSE INMATES.

8. WARDEN REDDISH FAILURE AS DESCRIBED ABOVE, ENCOURAGED OR SENT A MESSAGE TO CORRECTIONS OFFICERS INCLUDING THE NAMED DEFENDANTS THAT THE ADMINISTRATION AT FLORIDA STATE PRISON WAS GOING TO ALLOW ABUSE TOWARD INMATES.

9. ON JUNE 5, 2018, AT FLORIDA STATE PRISON, PLAINTIFF COREY MILLEDGE TOLD DEFENDANTS JEFFREY MCCLELLAN, AN ASSISTANT WARDEN, AND BARRY REDDISH, THE WARDEN AT THE TIME, THAT OFFICER DEAN HAD THREATENED HIM SAYING "IF YOU KNOW WHAT GOOD FOR YOU, YOU BETTER DROP THE LAWSUIT AGAINST WARDEN REDDISH. IF YOU DONT, I'm FUCK YOU UP WHEN THE OPPORTUNITY PRESENT ITSELF!" MILLEDGE THEN TOLD ASSISTANT WARDEN MCCLELLAN AND WARDEN REDDISH THAT HE FEAR FOR HIS LIFE AND REQUESTING PROTECTIVE CUSTODY OR TRANSFER. ASSISTANT WARDEN MCCLELLAN TOLD MILLEDGE "I DONT CARE ABOUT YOUR SITUATION!" WARDEN REDDISH TOLD MILLEDGE "YOU AN INMATE I WILL NOT HELP!"

10. ON JUNE 6, 2018, AT FLORIDA STATE PRISON, PLAINTIFF COREY MILLEDGE WAS HOUSED IN CELL C1120. ON THIS PARTICULAR DAY, DEFENDANTS, CORRECTIONAL OFFICER GARY DEAN, AND SERGEANT DANNY HALSEY CAME TO MILLEDGE'S CELL. SERGEANT HALSEY TOLD MILLEDGE THAT THE NURSE WANTED TO SEE HIM. SERGEANT HALSEY OPENED THE FLAP. SERGEANT HALSEY ORDERED MILLEDGE TO STRIP DOWN. MILLEDGE COMPLIED AND GAVE SERGEANT HALSEY THE CLOTHES HE HAD BEEN WEARING. WHEN SERGEANT HALSEY WAS STRIP SEARCHING MILLEDGE, OFFICER DEAN WHISPER AND SAID TO SERGEANT HALSEY "I'm GOING TO BEAT MILLEDGE EVERY CHANCE I GET SINCE HE REFUSED TO DROP THE LAWSUIT AGAINST WARDEN REDDISH." MILLEDGE

BECAME AFRAID AFTER HEARING OFFICER DEAN THREATENED WORDS.

11. MILLEDGE PUT HIS CLOTHES BACK ON. SERGEANT HALSEY HANDCUFFED MILLEDGE BEHIND HIS BACK THROUGH THE FLAP. DEFENDANT CORRECTIONAL OFFICER S. HANSON OPENED MILLEDGE'S CELL DOOR FROM THE CONTROL PANEL. MILLEDGE WALKED OUT OF THE CELL. ONCE MILLEDGE WALKED OUT OF THE CELL, OFFICER DEAN WITH THE ASSISTANCE OF SERGEANT HALSEY IMMEDIATELY SLAMMED MILLEDGE ON THE GROUND WHILE MILLEDGE WAS HANDCUFFED BEHIND HIS BACK. OFFICER DEAN THEN PINNED MILLEDGE TO THE GROUND.

12. OFFICER DEAN, WITHOUT JUSTIFICATION, BEGAN PUNCHING MILLEDGE IN THE FACE AREA AND SLAMMING MILLEDGE'S HEAD AGAINST THE GROUND WHILE MILLEDGE WAS HANDCUFFED BEHIND HIS BACK AND WAS NOT STRUGGLING NOR RESISTING NOR DISOBEYING AN ORDER. OFFICER HANSON AND SERGEANT HALSEY STOOD BY WATCHING AND DID NOT INTERVENE IN OBEDIENCE OF THE CUSTOM OR POLICY AT FLORIDA STATE PRISON OF THE CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES.

13. MILLEDGE STARTED MOVING AND KICKING AT OFFICER DEAN IN SELF DEFENSE. OFFICER DEAN CONTINUED TO PHYSICAL ASSAULT MILLEDGE WHILE MILLEDGE WAS DEFENSELESS. OFFICER HANSON

AND SERGEANT HALSEY CONTINUED TO WATCH AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO. THIS WAS CAPTURED ON THE SURVEILLANCE CAMERAS AT FLORIDA STATE PRISON. MILLEDGE REQUESTED THE SURVEILLANCE CAMERAS TO BE WITHHELD FOR FURTHER EVIDENCE FOR LITIGATION PURPOSES.

14. THE UNNECCESSARY FORCE AGAINST MILLEDGE EVENTUALLY CEASED. THE OFFICERS ESCORTED MILLEDGE TO THE SHOWER CELL FOR A POST USE OF FORCE PHYSICAL. MS. SMITH, MEDICAL PERSONNEL, CAME TO THE SHOWER CELL AND LOOKED AT MILLEDGE AND WALKED AWAY. IN ADDITION, MS. SMITH FILLED OUT MEDICAL FORM STATING THAT MILLEDGE REFUSED ASSESSMENT, WHEN, IN FACT, MILLEDGE DID NOT. MILLEDGE NEVER TOLD MS. SMITH THAT HE IS REFUSING MEDICAL ATTENTION OR ASSESSMENT. THE OFFICERS RETURNED MILLEDGE TO HIS CELL AND REMOVED THE RESTRAINTS AND SECURED THE CELL AND WALKED AWAY.

15. LATER THAT DAY, DEFENDANT D. ROBINSON, A NURSE, CAME AROUND PASSING OUT MEDICATION. NURSE ROBINSON STOPPED AT MILLEDGE'S CELL AND GAVE MILLEDGE HIS MEDICATION. AT THAT TIME, MILLEDGE TOLD NURSE ROBINSON THAT HE DECLARING A MEDICAL EMERGENCY DUE TO HAVING CHEST PAIN, EYE PAIN, RIGHT SHOULDER PAIN, AND BACK PAIN. MILLEDGE THEN TOLD NURSE ROBINSON

THAT OFFICER DEAN INFLICTED THE INJURIES AND PAIN UPON HIM WHEN OFFICER DEAN PHYSICALLY ASSAULTED HIM TODAY. NURSE ROBINSON TOLD MILLEDGE "I DONT CARE, I'M NOT FIXING HELP YOU GET A LAWSUIT." NURSE ROBINSON THEN WALKED AWAY.

16. AS A RESULT OF THE ATTACK, PLAINTIFF SUFFERED INJURIES TO HIS EYES, RIGHT SHOULDER, AND BACK CAUSING HIM EXCRUCIATING PAIN AND HAD SWELLING TO HIS FOREHEAD AND RIGHT EYE AREA AND HAD BRUISE MARKS TO HIS CHEST AND BACK AREA.

17. ON JUNE 10, 2018, AT FLORIDA STATE PRISON, PLAINTIFF COREY MILLEDGE WAS HOUSED IN CELL C1120. ON THAT DAY, DEFENDANT FORD, A NURSE, CAME AROUND PASSING OUT MEDICATION. NURSE FORD STOPPED AT MILLEDGE'S CELL AND GAVE MILLEDGE HIS MEDICATION. AT THAT TIME, MILLEDGE TOLD NURSE FORD THAT HE DECLARING A MEDICAL EMERGENCY DUE TO HAVING CHEST PAIN, EYE PAIN, RIGHT SHOULDER PAIN, AND BACK PAIN. MILLEDGE THEN TOLD NURSE FORD THAT OFFICER DEAN INFLICTED THE INJURIES AND PAIN UPON HIM WHEN OFFICER DEAN PHYSICALLY ASSAULTED HIM ON JUNE 6, 2018. NURSE FORD RESPONDED BY TELLING MILLEDGE "ITS NOTHING I CAN DO FOR YOU."

18. MILLEDGE REALIZED THAT NURSE FORD WAS NOT TRYING TO HELP HIM. MILLEDGE GAVE NURSE FORD A SICK CALL REQUEST COMPLAINING OF EYE PAIN, CHEST PAIN, RIGHT SHOULDER PAIN, AND BACK PAIN. NURSE FORD THEN WALKED AWAY. UPON INFORMATION OR BELIEFS, NURSE FORD OR SOMEONE IN THE MEDICAL DEPARTMENT DESTROYED MILLEDGE SICK CALL REQUEST WHEN MILLEDGE FILED A GRIEVANCE CONCERNING THE SITUATION. NEVERTHELESS, NURSE FORD DID NOTHING TO ABATE MILLEDGE PAIN AND SUFFERING.

19. ON JUNE 13, 2018, AT FLORIDA STATE PRISON, PLAINTIFF COREY MILLEDGE WAS HOUSED IN CELL C1120. THAT DAY, DEFENDANT WILLIAM HALL, A CAPTINE, SPRAYED MILLEDGE WITH THE THREE ONE-SECOND BURST OF CHEMICAL AGENT ON THREE SEPERATE OCCASIONS, BUT ON TWO OF THOSE OCCASIONS SPRAYED MILLEDGE FOR NO REASON AT ALL. AS A RESULT OF THE APPLICATION OF CHEMICAL AGENTS, MILLEDGE SUFFERED INTENSE PAIN, VOMITING, SHORTNESS OF BREATH INCLUDING CHEST PAIN, CHEMICAL BURNS AND BURNING SENSATION ON HIS SKIN THAT LASTED AT LEAST A WEEK.

20. BEFORE THE INCIDENT IN QUESTION, CAPTINE HALL CAME TO MILLEDGE's CELL AND SAID TO MILLEDGE "YOU KNOW WHY I'm HERE. ARE YOU GOING TO DROP THE LAWSUIT AGAINST WARDEN REDDISH ?" MILLEDGE REPLIED "NO". CAPTINE HALL RESPONDED BY TELLING MILLEDGE "I'm FIXING GAS YOUR ASS TO DEATH." CAPTINE HALL THEN WALKED AWAY.

21. On the above date, Captine Hall came back to Milledge's cell. At that point, Captine Hall sprayed Milledge with the three one-second burst of chemical agents on three seperate occasions, but on two of those occasions sprayed Milledge when Milledge was not yelling nor banging nor kicking nor disobeying an order or otherwise creating a disturbance. An officer who name is unknown, stood by watching and did not intervene in obedience of the custom or policy at Florida State Prison of the code of silence and allowing abuse toward inmates.

22. Shorty after the administration of the chemical agents Milledge was permitted to shower and given clean boxer. A nurse saw Milledge for a post use of force physical. The officers returned Milledge to his cell and removed the restraints and secured the cell door and walked away. The entire incident described above was captured on the handheld camera and the wing cameras. Milledge requested the handheld camera and the wing cameras to be withheld for further evidence for litigation purposes.

23. THE FOLLOWING DAY, ON JUNE 14, 2018, MILLEDGE NOTICES THAT THE CHEMICAL BURNED THE SKIN ON HIS ARMS, CHEST, STOMACH, BACK, AND LEGS AREA WHICH CAUSED BLISTERS TO DEVELOP AND PEELING SKIN. ON THE SAME DAY, MILLEDGE SUBMITTED A SICK CALL REQUEST TO THE MEDICAL PERSONNEL COMPLAINING OF THE CHEMICAL BURNS, VOMITING, SHORTNESS OF BREATH INCLUDING CHEST PAIN AND PEELING SKIN.

24. ON OCTOBER 31, 2018, AT FLORIDA STATE PRISON, AN OFFICER BROUGHT PLAINTIFF COREY MILLEDGE TO THE CONFERENCE ROOM IN COLONEL'S OFFICE. PRISON OFFICIALS ALLOWED MILLEDGE TO REVIEW DOCUMENTS. DEFENDANT BARRY REDDISH, THE WARDEN, CAME IN THE CONFERENCE ROOM. WARDEN REDDISH AND MILLEDGE MADE EYE CONTACT. AFTER MAKING EYE CONTACT, WARDEN REDDISH SAID TO MILLEDGE " YOU FIXING REGRET FILING A LAWSUIT AGAINST ME." AT THAT TIME, WARDEN REDDISH BEGAN PUNCHING MILLEDGE IN THE HEAD AND FACE AREA WHILE MILLEDGE WAS SITTING IN THE CHAIR IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES. DEFENDANTS, CORRECTIONAL OFFICER M. CHANDRONNET, COLONEL MICHEAL HONOUR, AND OTHER PRISON OFFICIALS STOOD BY WATCHING AND DID NOT INTERVENE IN OBEDIENCE OF THE CUSTOM OR POLICY AT FLORIDA STATE PRISON OF THE CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES.

25. WARDEN REDDISH EVENTUALLY KNOCKED MILLEDGE OUT OF THE CHAIR. AS MILLEDGE LAY ON THE GROUND, WARDEN REDDISH BEGAN KICKING MILLEDGE IN THE STOMACH, BACK, AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS STILL IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES. OFFICER CHANDRONETT, COLONEL HONOUR, AND OTHER PRISON OFFICIALS CONTINUED TO WATCH AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

26. WARDEN REDDISH CONTINUED TO KICK MILLEDGE UNTIL MILLEDGE SAID "I WILL NOT FILE ANOTHER LAWSUIT AGAINST YOU." THE OFFICERS RETURNED MILLEDGE TO HIS CELL AND REMOVED THE RESTRAINTS AND SECURED THE CELL DOOR AND WALKED AWAY.

27. AS A RESULT OF THE ATTACK, PLAINTIFF SUFFERED INJURIES TO HIS EYES, RIGHT SHOULDER, RIBS, AND BACK CAUSING HIM EXCRUCIATING PAIN AND HAD SWOLLEN LEFT EYE AND HAD BRUISE MARKS TO HIS CHEST AND BACK AREA.

28. ON JUNE 27, 2019, AT FLORIDA STATE PRISON AN OFFICER BROUGHT PLAINTIFF COREY MILLEDGE TO THE MEDICAL CLINIC. WHILE THERE, DEFENDANT C. DANLEY, MEDICAL PERSONNEL, ACCUSSED MILLEDGE OF SAYING INAPPROPRIATE THINGS TO HER EVERYTIME SHE COME ON THE WING. MILLEDGE

TOLD DEFENDANT DANLEY THAT HE DONT DISRESPECT FEMALES. DEFENDANT DANLEY REPLIED " STOP LYING, I'M BEAT YOUR ASS TODAY". MILLEDGE BECAME AFRAID AFTER HEARING DEFENDANT DANLEY THREATENED WORDS.

29. DEFENDANT CORRECTIONAL OFFICER KELLY ESCORTED MILLEDGE TO A MEDICAL ROOM. DR. ESPINO, A PHYSICIAN, MET WITH MILLEDGE. DEFENDANT ROBERT ATTEBERRY, A SERGEANT, CAME ON THE SCENE AND SAID TO OFFICER KELLY " I GOT MILLEDGE". OFFICER KELLY THEN WALKED AWAY. DR. ESPINO, EVENTUALLY, TOLD SERGEANT ATTEBERRY THAT MILLEDGE FREE TO GO. AT THAT POINT, SERGEANT ATTEBERRY GRABBED MILLEDGE AND ESCORTED MILLEDGE TO THE MEDICAL EMERGENCY ROOM ( KNOWN AS THE "ER" ROOM). THE "ER" ROOM IS A BLIND SPOT WHERE THE SURVEILLANCE CAMERAS CANNOT VIEW INSIDE.

30. NEVERTHELESS, SERGEANT ATTEBERRY SAID TO MILLEDGE " YOU DISRESPECT MS. DANLEY AND YOU GOT TO PAY FOR THAT". SERGEANT ATTEBERRY THEN CALLED FOR DEFENDANT DANLEY. DEFENDANT DANLEY CAME IN THE "ER" ROOM. AT THAT TIME, DEFENDANT DANLEY AND SERGEANT ATTEBERRY BEGAN PUNCHING MILLEDGE IN THE HEAD, FACE, STOMACH, BACK, AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES. OFFICER KELLY STOOD BY WATCHING AND DID NOT INTERVENE IN OBEDIENCE OF THE CUSTOM OR POLICY AT FLORIDA STATE PRISON

OF THE CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES.

31. MILLEDGE WAS EVENTUALLY KNOCKED TO THE GROUND. AS MILLEDGE LAY ON THE GROUND, DEFENDANT DANLEY AND SERGEANT ATTEBERRY BEGAN KICKING MILLEDGE IN THE STOMACH, BACK, AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS STILL IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES. OFFICER KELLY CONTINUED TO WATCH AND DID NOT INTERVENE WHEN HE HAD AN OPPORTUNITY TO DO SO. DEFENDANT DANLEY AND SERGEANT ATTEBERRY THEN STOPPED ASSAULTING MILLEDGE WHEN MILLEDGE YELLED "HELP". SERGEANT ATTEBERRY THEN ESCORTED MILLEDGE TO THE DI-CORRIDOR AREA.

32. WHEN MILLEDGE WAS IN THE DI-CORRIDOR AREA, MILLEDGE TOLD SERGEANT ATTEBERRY THAT HE'S GOING TO TELL ON HIM. SERGEANT ATTEBERRY REPLIED "I'm BEAT YOUR ASS AGAIN!" SERGEANT ATTEBERRY THEN ESCORTED MILLEDGE TO K-WING. THE OFFICERS REMOVED MILLEDGE RESTRAINTS AND PLACED MILLEDGE IN HIS CELL AND SECURED THE DOOR AND WALKED AWAY.

33. AS A RESULT OF THE ATTACK, PLAINTIFF SUFFERED INJURIES TO HIS EYES, RIGHT SHOULDER, RIBS, AND BACK CAUSING HIM EXCRUCIATING PAIN.

34. ON JUNE 28, 2019, AT FLORIDA STATE PRISON, PLAINTIFF COREY MILLEDGE TOLD DEFENDANT BARRY REDDISH, THE WARDEN, THAT MS. DANLEY, MEDICAL PERSONNEL, AND SERGEANT ATTEBERRY HAD PHYSICALLY ASSAULTED HIM IN THE "ER" ROOM ON JUNE 27, 2019 AND THAT SERGEANT ATTEBERRY HAD THREATENED HIM SAYING "I'M BEAT YOUR ASS AGAIN." MILLEDGE THEN TOLD WARDEN REDDISH THAT HE FEAR FOR HIS LIFE AND REQUESTING PROTECTIVE CUSTODY OR TRANSFER. WARDEN REDDISH RESPONDED BY TELLING MILLEDGE "I DONT CARE. PLUS, I DONT BELIEVE NOTHING YOU SAY."

35. ON JULY 2, 2019, AT FLORIDA STATE PRISON, AN OFFICER BROUGHT PLAINTIFF COREY MILLEDGE TO THE CONFERENCE ROOM IN COLONEL'S OFFICE. PRISON OFFICIALS MADE AVAILABLE FOR MILLEDGE TO REVIEW DISCOVERY MATERIALS PERTAINING TO HIS ACTIVE CASE. DEFENDANT ROBERT ATTEBERRY, A SERGEANT, CAME IN THE CONFERENCE ROOM. SERGEANT ATTEBERRY SAID TO MILLEDGE "WE ARE GOING TO BEAT YOUR ASS EVERYTIME THE OPPORTUNITY PRESENT ITSELF IF YOU KEEP PURSUING THE LAWSUIT AGAINST WARDEN REDDISH AND MAJOR BOX. SO, WHAT ARE YOU GOING TO DO?" MILLEDGE REPLIED "I'M KEEP PURSUING MY CASE."

36. SERGEANT ATTEBERRY BECAME ANGER AFTER HEARING MILLEDGE RESPONSE. SERGEANT ATTEBERRY GRABBED MILLEDGE AND THEN SLAMMED MILLEDGE ON THE GROUND FOR NO REASON AT ALL. AS MILLEDGE LAY

ON THE GROUND, SERGEANT ATTEBERRY BEGAN PUNCHING MILLEDGE IN THE BACK AREA WHILE MILLEDGE WAS IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES.

37. SERGEANT ATTEBERRY STOPPED ASSAULTING MILLEDGE. SERGEANT ATTEBERRY ASSISTED MILLEDGE TO HIS FEET AND THEN ESCORTED MILLEDGE OUT OF THE CONFERENCE ROOM. ONCE MILLEDGE EXISTED THE CONFERENCE ROOM, SERGEANT ATTEBERRY PINNED MILLEDGE AGAINST THE WALL AND SLAMMED MILLEDGE TO THE GROUND. AT THAT TIME, DEFENDANTS, CORRECTIONAL OFFICER TAYLOR HEWITT, SERGEANT M. CHANDRONNETT, AND SERGEANT ATTEBERRY BEGAN PUNCHING MILLEDGE IN THE HEAD, FACE, STOMACH, BACK, AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS STILL IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES AND WAS NOT STRUGGLING NOR RESISTING NOR DISOBEYING AN ORDER. DEFENDANTS M. HANDLEY, THE MAJOR, AND MICHEAL HONOUR, THE COLONEL AT THE TIME, STOOD BY WATCHING AND DID NOT INTERVENE IN OBEDIENCE OF THE CUSTOM OR POLICY AT FLORIDA STATE PRISON OF THE CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES.

38. MILLEDGE SCREAMED FOR "HELP." WHEN MILLEDGE WAS SCREAMING FOR "HELP", SERGEANT ATTEBERRY GRABBED MILLEDGE'S HEAD AND

STARTED SLAMMING MILLEDGE'S HEAD INCLUDING FOREHEAD AGAINST THE GROUND, CAUSING HIM PAIN. MAJOR HANDLEY AND COLONEL HONOUR SAW THAT. COLONEL HONOUR SAID "LET ME LEAVE BEFORE YOU BUST HIS HEAD OPEN." COLONEL HONOUR AND MAJOR HANDLEY THEN WALKED AWAY.

39. SERGEANT ATTEBERRY CONTINUED TO SLAM MILLEDGE'S HEAD INCLUDING FOREHEAD AGAINST THE GROUND. THIS CAUSED MILLEDGE TO FALL UNCONSCIOUSNESS.

40. MILLEDGE REGAINED HIS CONSCIOUSNESS. WHILE MILLEDGE REGAINING HIS CONSCIOUSNESS, DEFENDANTS, SERGEANT STEPHEN DOUGLAS, CAPTINE WILLIAM HALL, SERGEANT ATTEBERRY, AND OTHER PRISON OFFICIALS TOOK TURNS, PUNCHING AND KICKING MILLEDGE IN THE HEAD, CHEST, BACK AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS STILL IN HANDCUFFS, WAIST CHAIN, AND LEG SHACKLES AND WAS NOT STRUGGLING, NOR RESISTING NOR DISOBEYING AN ORDER. DEFENDANTS, CORRECTIONAL OFFICER D. MITCHELL, OFFICER HEWITT, SERGEANT CHANDRONNET, SERGEANT WARREN, LIEUTENANT CHAMBERS, AND OTHER PRISON OFFICIALS STOOD BY WATCHING AND DID NOT INTERVENE IN OBEDIENCE OF THE CUSTOM OR POLICY AT FLORIDA STATE PRISON OF THE CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES.

41. SERGEANT DOUGLAS, CAPTINE HALL, SERGEANT ATTEBERRY, AND OTHER PRISON OFFICIALS CONTINUED TO BEAT MILLEDGE FOR NO REASON AT ALL. OFFICER MITCHELL, OFFICER HEWITT, SERGEANT CHANDRONNET, SERGEANT WARREN, LIEUTENANT CHAMBERS, AND OTHER PRISON OFFICIALS CONTINUED TO WATCH AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO. THE UNNECCESSARY FORCE AGAINST MILLEDGE EVENTUALLY CEASED.

42. MILLEDGE'S FOREHEAD WAS BUSTED OPEN AND BLEEDING PROFUSELY. CAPTINE HALL SAW THAT AND SAID TO PRISON OFFICIALS "ITS TO MUCH OF BLOOD IN HERE, I'm NOT PUTTING THAT ON CAMERA, TAKE HIM OUT THERE AND PUT HIM ON CAMERA." AS ORDERED, PRISON OFFICIALS TOOK MILLEDGE IN FRONT OF THE CONTROL ROOM STATION. AN OFFICER TURNED THE HANDHELD CAMERA ON AND PLACED IT ON MILLEDGE.

43. PRISON OFFICIALS TOOK MILLEDGE TO THE MEDICAL EMERGENCY ROOM (KNOWN AS THE "ER" ROOM) FOR A POST USE OF FORCE PHYSICAL. DURING THE POST USE OF FORCE PHYSICAL, DEFENDANT L. WILKERSON, A NURSE, ASKED MILLEDGE DO HE HAVE ANY INJURIES AND PAIN WHILE DEFENDANT A. TURBYFILL, A NURSE, AND DEFENDANT G. ESPINO, A PHYSICIAN, WAS STANDING BY LISTENING. MILLEDGE REPLIED "MY HEAD, SHOULDER AND BACK". DR. ESPINO TOLD MILLEDGE TO "SHUT UP." DR. ESPINO THEN STAPLED MILLEDGE'S FOREHEAD BACK TOGETHER, THIS REQUIRED TEN (10) STAPLES TO DO SO.

44. WHEN MILLEDGE RECEIVE A POST USE OF FORCE PHYSICAL ON THE DAY OF THE INCIDENT IN QUESTION, NURSE WILKERSON, NURSE TURBYFILL, AND DR. ESPINO DID NOT EXAM MILLEDGE ENTIRE BODY FOR INJURIES. THE HANDHELD CAMERA WILL VERIFY THAT AND ALSO SHOW THAT NURSE WILKERSON, NURSE TURBYFILL, AND DR. ESPINO NEVER LIFT UP MILLEDGE SHIRTS NOR PANTS LEGS TO SEE IF MILLEDGE HAD ANY INJURIES OR BRUISE MARKS. MILLEDGE REQUESTED THE HANDHELD CAMERA TO BE WITHHELD FOR FURTHER EVIDENCE FOR LITIGATION PURPOSES. NEVERTHELESS, THE OFFICERS RETURNED MILLEDGE TO HIS CELL AND REMOVED THE RESTRAINTS AND SECURED THE CELL DOOR AND WALKED AWAY.

45. LATER THAT DAY, MILLEDGE REMOVED HIS SHIRTS AND PANT AND SAW BRUISE MARKS TO HIS CHEST, STOMACH, RIBS, AND BACK AREA.

46. AS A RESULT OF THE ATTACK, PLAINTIFF SUFFERED INJURIES TO HIS HEAD, EYES, RIGHT SHOULDER, RIBS, AND BACK CAUSING HIM EXCRUCIATING PAIN AND HAD NUMBNESS IN THREE OF HIS RIGHT FINGERS AND HAD SWELLING AND BLACK AND BLUE LEFT EYE AND HAD BRUISE MARKS TO HIS CHEST, STOMACH, RIBS, AND BACK AREA AND HAD A LACERATION TO HIS FOREHEAD AREA WHICH REQUIRED TEN (10) STAPLES TO CLOSE THE WOUND.

47. ON AUGUST 17, 2019, OCTOBER 17, 2019, AT FLORIDA STATE PRISON, DEFENDANT T. WATSON, A SERGEANT, THREATENED PLAINTIFF COREY MILLEDGE SAYING "OFFICER HEWITT IS MY FIANCE, I'M KILL YOU. IF I FIND OUT YOU WROTE ANOTHER GRIEVANCE AGAINST HER". MILLEDGE BECAME AFRAID AFTER HEARING SERGEANT WATSON THREATENED WORDS.

48. AFTER THE INCIDENTS ABOVE, PLAINTIFF MILLEDGE HAS SUFFERED SEVERE EMOTIONAL DISTRESS AND ALSO TERRIFYING "FLASHBACKS" AND "NIGHTMARES" FROM THE PHYSICAL ABUSE DEFENDANTS SUBJECTED HIM TO.

49. DEFENDANTS WHO SUBJECTED MILLEDGE TO PHYSICAL ABUSE WAS NOT DISCIPLINE FOR THEIR UNLAWFUL ACTIONS. DEFENDANT REDDISH CONTRIBUTED TO THAT BY FAILING TO TAKE DISCIPLINE ACTIONS AGAINST THEM AFTER THE INCIDENTS SUED UPON.

50. DEFENDANT REDDISH ALSO FAILED TO TAKE CORRECTIVE STEPS TO STOP THE ABUSE AGAINST INMATES, AND THIS FAILURE, LED TO MORE ABUSE TOWARD INMATES AT FLORIDA STATE PRISON AFTER THE INCIDENTS SUED UPON.

51. PLAINTIFF MILLEDGE USED THE PRISON GRIEVANCE SYSTEM TO EXHAUST HIS ADMINISTRATIVE REMEDIES. BEFORE FILING THE LAWSUIT, MILLEDGE FILED FORMAL GRIEVANCES WITH THE WARDEN'S OFFICE AND WITH THE OFFICE OF THE SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS. MILLEDGE ALSO HAD GRIEVANCES TO GO OR WENT UNANSWERED AFTER MILLEDGE PLACED THE GRIEVANCES IN THE GRIEVANCE BOX.

52. ALL CORRECTIONS OFFICERS INCLUDING THE NAMED DEFENDANTS WHO WORKED AT FLORIDA STATE PRISON, HAD A DUTY TO PROTECT INMATES LIKE MILLEDGE AND THEY FAILED TO DO SO.

53. THE CUSTOM OR POLICY AS PREVIOUSLY STATED, INCLUDING THE DEFENDANTS UNLAWFUL ACTIONS CAUSED PLAINTIFF INJURIES, PAIN, SUFFERING, EMBARRASSMENT, HUMILIATION, AND EMOTIONAL DISTRESS, AND ALSO CAUSED PLAINTIFF TO BE DEPRIVED OF HIS RIGHTS UNDER THE FIRST AND EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

32

# C L A I M S

### COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT REDDISH

54. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

55. DEFENDANT REDDISH IN RETALIATING AGAINST PLAINTIFF FOR FILING A LAWSUIT WERE IN VIOLATION OF THE **FIRST AND EIGHTH AMENDMENT** TO THE U.S. CONSTITUTION, PROHIBITING RETALIATION AGAINST INMATES FOR FILING GRIEVANCES AND LAWSUITS AND ALSO CRUEL AND UNUSUAL PUNISHMENT.

56. DEFENDANT REDDISH THREATENED TO PHYSICAL HARM PLAINTIFF IN RETALIATION FOR LAWSUIT THAT PLAINTIFF HAD FILED AGAINST HIM. PLAINTIFF BECAME AFRAID AFTER HEARING DEFENDANT REDDISH THREATENED WORDS.

57. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED PSYCHOLOGICAL INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION.

COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS MCCLELLAN, AND REDDISH

58. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

59. DEFENDANTS MCCLELLAN AND REDDISH DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF HARM PLAINTIFF FACED WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

60. THE COMPLAINED OF BEHAVIOR OF OFFICER DEAN OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT FLORIDA STATE PRISON UNDER DEFENDANTS MCCLELLAN AND REDDISH SUPERVISION.

61. PRIOR TO JUNE 6, 2018 INCIDENT IN QUESTION, DEFENDANTS MCCLELLAN AND REDDISH WERE AWARE THAT OFFICER DEAN HAD THREATENED PLAINTIFF SAYING "IF YOU KNOW WHAT GOOD FOR YOU, YOU BETTER DROP THE LAWSUIT AGAINST WARDEN REDDISH. IF YOU DONT, I'M FUCK YOU UP WHEN THE OPPORTUNITY PRESENT ITSELF."

62. DEFENDANTS MCCLELLAN AND REDDISH DID NOTHING TO PROTECT PLAINTIFF AFTER THEY WERE

AWARE THAT OFFICER DEAN HAD THREATENED TO PHYSICAL HARM PLAINTIFF WHEN THE OPPORTUNITY PRESENT ITSELF.

63. THE ABOVE FACTS SUPPORT AN INFERENCE THAT DEFENDANTS MCCLELLAN AND REDDISH KNEW THAT PLAINTIFF FACED A RISK OF SERIOUS HARM AND WERE DELIBERATE INDIFFERENT TO THE RISK OF HARM IN FAILING TO PROTECT PLAINTIFF. THIS ENABLED OFFICER DEAN TO PHYSICALLY ASSAULT PLAINTIFF ON JUNE 6, 2018.

64. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

COUNT THREE: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT DEAN

65. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

66. DEFENDANT DEAN IN RETALIATING AGAINST PLAINTIFF FOR FILING A LAWSUIT WERE IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING RETALIATION AGAINST INMATES FOR FILING GRIEVANCES AND LAWSUITS.

67. DEFENDANT DEAN PHYSICALLY ASSAULTED PLAINTIFF IN RETALIATION FOR LAWSUIT THAT PLAINTIFF HAD FILED AGAINST WARDEN REDDISH.

68. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

COUNT FOUR: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS DEAN, HALSEY, AND HANSON.

69. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

70. DEFENDANTS DEAN, HALSEY, AND HANSON IN USING EXCESSIVE FORCE OR FAILING TO INTERVENE TO STOP THE EXCESSIVE FORCE AGAINST PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

71. DEFENDANT DEAN USED EXCESSIVE FORCE AGAINST PLAINTIFF. DEFENDANTS HALSEY AND HANSON WATCHED THE MISUSE OF FORCE AGAINST PLAINTIFF AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

72. As a result of the wrongful acts alleged above, plaintiff suffered bodily injuries and pain and suffering and embarrassment and humiliation and emotional distress.

## COUNT FIVE: Violation of Constitutional Rights under 42 U.S.C. 1983 against Defendants Robinson and Ford

73. Plaintiff re-alleges the facts as if fully set forth herein.

74. Defendants Robinson and Ford in failing to exam, treat and or provide adequate medical care to plaintiff were in violation of the Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment.

75. Defendants Robinson and Ford was nurses at Florida State Prison who could have ensured that timely medical care were provided to inmates like plaintiff.

76. Defendants Robinson and Ford were aware of plaintiff's injuries and pain and suffering and showed deliberate indifference to the injuries and pain. Defendants Robinson and Ford did nothing to abate plaintiff pain and suffering.

37

77. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

COUNT SIX : VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT HALL

78. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

79. DEFENDANT HALL IN USING EXCESSIVE FORCE AGAINST PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

80. ON TWO SEPERATE OCCASIONS, DEFENDANT HALL USED EXCESSIVE FORCE AGAINST PLAINTIFF BY SPRAYING PLAINTIFF WITH THE THREE ONE-SECOND BURST OF CHEMICAL AGENTS WITHOUT ANY PENOLOGICAL JUSTIFICATION.

81. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

## COUNT SEVEN: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT REDDISH

82. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

83. DEFENDANT REDDISH IN RETALIATING AGAINST PLAINTIFF FOR FILING A LAWSUIT WERE IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING RETALIATION AGAINST INMATES FOR FILING GRIEVANCES AND LAWSUITS.

84. DEFENDANT REDDISH PHYSICALLY ASSAULTED PLAINTIFF IN RETALIATION FOR LAWSUIT THAT PLAINTIFF HAD FILED AGAINST HIM.

85. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

## COUNT EIGHT: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS REDDISH, CHANDRONNET, AND HONOUR

86. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

87. DEFENDANTS REDDISH, CHANDRONNET, AND HONOUR IN USING EXCESSIVE FORCE OR

FAILING TO INTERVENE TO STOP THE EXCESSIVE FORCE AGAINST PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

88. DEFENDANT REDDISH USED EXCESSIVE FORCE AGAINST PLAINTIFF. DEFENDANTS CHANDRONNET AND HONOUR WATCHED THE MISUSE OF FORCE AGAINST PLAINTIFF AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

89. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

**COUNT NINE**: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS ATTEBERRY, DANLEY, AND KELLY

90. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

91. DEFENDANTS ATTEBERRY, DANLEY, AND KELLY IN USING EXCESSIVE FORCE OR FAILING TO INTERVENE TO STOP THE EXCESSIVE FORCE AGAINST PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

92. DEFENDANTS ATTEBERRY AND DANLEY USED EXCESSIVE FORCE AGAINST PLAINTIFF. DEFENDANT KELLY WATCHED THE MISUSE OF FORCE AGAINST PLAINTIFF AND DID NOT INTERVENE WHEN HE HAD AN OPPORTUNITY TO DO SO.

93. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

<u>COUNT TEN</u>: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT REDDISH

94. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

95. DEFENDANT REDDISH IS LIABLE TO PLAINTIFF FOR VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION IN THE UNCONSTITUTIONAL ACTS OF SERGEANT ATTEBERRY.

96. THE COMPLAINED OF BEHAVIOR OF SERGEANT ATTEBERRY OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT FLORIDA STATE PRISON UNDER DEFENDANT REDDISH SUPERVISION.

97. PRIOR TO THE JULY 2, 2019 INCIDENT IN QUESTION, DEFENDANT REDDISH WERE AWARE THAT PRISON OFFICIAL DANLEY AND SERGEANT ATTEBERRY HAD

PHYSICALLY ASSAULTED PLAINTIFF ON JUNE 27, 2019, AND THAT SERGEANT ATTEBERRY HAD THREATENED PLAINTIFF SAYING "I'm BEAT YOUR ASS AGAIN."

98. THE ABOVE FACTS SUPPORT AN **INFERENCE** THAT DEFENDANT REDDISH KNEW THAT SERGEANT ATTEBERRY WOULD ACT UNLAWFULLY AND FAILED TO STOP HIM FROM DOING SO. THIS ENABLED SERGEANT ATTEBERRY TO PHYSICALLY ASSAULT PLAINTIFF FOR THE SECOND TIME ON JULY 2, 2019.

99. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

COUNT ELEVEN: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 DEFENDANT ATTEBERRY

100. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

101. DEFENDANT ATTEBERRY IN RETALIATING AGAINST PLAINTIFF FOR FILING A LAWSUIT WERE IN VIOLATION OF THE **FIRST** AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING RETALIATION AGAINST INMATES FOR FILING GRIEVANCES AND LAWSUITS.

102. DEFENDANT ATTEBERRY PHYSICALLY ASSAULTED PLAINTIFF IN RETALIATION FOR LAWSUIT THAT PLAINTIFF

HAD FILED AGAINST WARDEN REDDISH AND MAJOR BOX.

103. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

<u>COUNT TWELVE</u>: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS ATTEBERRY, HEWITT, CHANDRONNET, DOUGLAS, HALL, HONOUR, HANDLEY, MITCHELL, WARREN, AND CHAMBERS

104. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

105. DEFENDANTS ATTEBERRY, HEWITT, CHANDRONNET, DOUGLAS, HALL, HONOUR, HANDLEY, MITCHELL, WARREN, AND CHAMBERS IN USING EXCESSIVE FORCE OR FAILING TO INTERVENE TO STOP THE EXCESSIVE FORCE AGAINST PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

106. DEFENDANTS ATTEBERRY, HEWITT, CHANDRONNET, DOUGLAS, AND HALL USED EXCESSIVE FORCE AGAINST PLAINTIFF. DEFENDANTS HONOUR, HANDLEY, MITCHELL, WARREN, CHAMBERS, HEWITT, AND CHANDRONNET WATCHED PARTS OF THE MISUSE OF FORCE AGAINST PLAINTIFF AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

107. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

COUNT THIRTEEN : VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS WILKERSON, TURBYFILL, AND ESPINO

108. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

109. DEFENDANTS WILKERSON, TURBYFILL, AND ESPINO IN FAILING TO EXAM, DOCUMENT, AND PROVIDE ADEQUATE MEDICAL CARE TO PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

110. DEFENDANTS WILKERSON AND TURBYFILL ARE NURSES AND DEFENDANT ESPINO IS A PHYSICIAN AT FLORIDA STATE PRISON WHO COULD HAVE ENSURED THAT TIMELY MEDICAL CARE WERE PROVIDED TO INMATES LIKE PLAINTIFF.

111. DEFENDANTS WILKERSON, TURBYFILL, AND ESPINO WERE AWARE OF PLAINTIFF'S INJURIES AND PAIN AND SHOWED DELIBERATE INDIFFERENCE TO THE INJURIES AND PAIN. DEFENDANTS WILKERSON, TURBYFILL, AND ESPINO DID NOTHING TO ABATE PLAINTIFF PAIN AND SUFFERING.

112. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

### COUNT FOURTEEN : VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT WATSON

113. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

114. DEFENDANT WATSON IN RETALIATING AGAINST PLAINTIFF FOR FILING A GRIEVANCE WERE IN VIOLATION OF THE FIRST AND EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING RETALIATION AGAINST INMATES FOR FILING GRIEVANCES AND LAWSUITS AND ALSO CRUEL AND UNUSUAL PUNISHMENT.

115. DEFENDANT WATSON THREATENED TO PHYSICAL HARM PLAINTIFF IN RETALIATION FOR GRIEVANCE THAT PLAINTIFF HAD FILED AGAINST OFFICER HEWITT. PLAINTIFF BECAME AFRAID AFTER HEARING DEFENDANT WATSON THREATENED WORDS.

116. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED PSYCHOLOGICAL INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION.

<u>COUNT FIFTEEN</u> : VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT REDDISH

117. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

118. DEFENDANT REDDISH IS LIABLE TO PLAINTIFF FOR VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION IN THE UNCONSTITUTIONAL ACTS OF HIS SUBORDINATE OFFICERS INCLUDING OFFICERS DEAN, HALSEY, HANSON, ATTEBERRY, HEWITT, CHANDRONNET, DOUGLAS, HALL, KELLY, MITCHELL, HONOUR, HANDLEY, WARREN, AND CHAMBERS AND ALSO FOR ACTS OF PRISON OFFICIAL DANLEY.

119. THE COMPLAINED OF BEHAVIOR OF THE OFFICERS INCLUDING OFFICERS DEAN, HALSEY, HANSON, ATTEBERRY, HEWITT, CHANDRONNET, DOUGLAS, HALL, KELLY, MITCHELL, HONOUR, HANDLEY, WARREN, AND CHAMBERS AND PRISON OFFICIAL DANLEY OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT FLORIDA STATE PRISON UNDER DEFENDANT REDDISH SUPERVISION.

120. DEFENDANT REDDISH IS THE WARDEN OF FLORIDA STATE PRISON WHO HAS THE DUTY TO PROTECT INMATES LIKE PLAINTIFF.

121. DEFENDANT REDDISH WERE AWARE OF WIDESPREAD ABUSE OF INMATES AT FLORIDA STATE PRISON AND FAILED TO TAKE CORRECTIVE STEPS TO STOP IT.

46

122. AT THE TIME OF THE INCIDENTS IN QUESTION, DEFENDANT REDDISH HAD OR MAINTAINED A CUSTOM OR POLICY AT FLORIDA STATE PRISON OF THE CODE OF SILENCE AND ALLOWING ABUSE TOWARD INMATES.

123. THE ABOVE FACTS SUPPORT AN INFERENCE THAT DEFENDANT REDDISH KNEW THAT PLAINTIFF FACED A RISK OF SERIOUS HARM AND WERE DELIBERATE INDIFFERENT TO THE RISK OF HARM IN FAILING TO SUPERVISE, DISCIPLINE, AND TERMINATE OFFICERS. THIS ENABLED THE NAMED DEFENDANTS TO PHYSICAL ASSAULT OR TORTURE PLAINTIFF.

124. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FLORIDA STATE PRISON

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes  > NOT-APPLICABLE
☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

PLAINTIFF FILED FORMAL GRIEVANCES WITH THE WARDEN'S OFFICE AND WITH THE OFFICE OF THE SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS. THESE FACTS SET FORTH ON PAGE 32 ABOVE.

2.   What did you claim in your grievance?

PLAINTIFF COMPLAINED ABOUT THE INCIDENTS SUED UPON. THESE FACTS SET FORTH ON PAGES 15-31 ABOVE.

3.   What was the result, if any?

PLAINTIFF DONT RECALL.

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES WHEN HE FILED FORMAL GRIEVANCES WITH THE WARDEN'S OFFICE AND WITH THE OFFICE OF THE SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

NOT APPLICABLE

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

NOT- APPLICABLE

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

NOT - APPLICABLE

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes   } PLAINTIFF NEVER HAD THREE LAWSUIT DISMISSED
☐ No    } UNDER THE THREE STRIKE RULE.

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   COREY L. MILLEDGE

Defendant(s)   JEFFREY R. MCCLELLAN, ETC.,

2.   Court *(if federal court, name the district; if state court, name the county and State)*

MIDDLE DISTRICT OF JACKSONVILLE

3.   Docket or index number

CASE # 3:19-CV-1406-J-25 JBT

4.   Name of Judge assigned to your case

PLAINTIFF DONT RECALL

5.   Approximate date of filing lawsuit

PLAINTIFF DONT RECALL

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition.   PLAINTIFF DONT RECALL

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

DISMISSAL WITHOUT PREJUDICE.

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

51

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
Plaintiff(s)   COREY MILLEDGE
Defendant(s)   WALTER MCNEIL, ET AL

2.   Court *(if federal court, name the district; if state court, name the county and State)*
MIDDLE DISTRICT OF JACKSONVILLE

3.   Docket or index number
CASE # 3:07-CV-976-J-34 mCR

4.   Name of Judge assigned to your case
PLAINTIFF DONT RECALL

5.   Approximate date of filing lawsuit
PLAINTIFF DONT RECALL

6.   Is the case still pending?
☐ Yes
☑ No
If no, give the approximate date of disposition   PLAINTIFF DONT RECALL

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
A SETTLEMENT.

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): WALTER MCNEIL, ET AL
2. COURT: MIDDLE DISTRICT OF JACKSONVILLE
3. CASE # 3: 14-CV-243-J-32 MCR
4. NAME OF JUDGE ASSIGNED TO THE CASE: MONTE C. RICHARDSON
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DON'T RECALL
6. IS THE CASE STILL PENDING: YES
7. WHAT WAS THE RESULT OF THE CASE: NOT-APPLICABLE


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): KENNETH S. TUCKER
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4: 12-CV-555-MP/CAS
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DON'T RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DON'T RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DON'T RECALL


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): MICHAEL D. CREWS
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4 13-CV-400-MW-CAS
4. NAMED OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DON'T RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DON'T RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DON'T RECALL

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): SEC'Y DEP'T OF CORR.
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4:14-CV-295-MW-GRJ
4. NAME OF JUDGE ASSIGNED TO THE CASE: GARY JONES
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DON'T RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DON'T RECALL


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): GARY ENGLISH
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4:15-CV-577-WS/CAS
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DON'T RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DON'T RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DON'T RECALL


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): EDWIN BUSS, ET AL,
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 16-15681 G
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DON'T RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DON'T RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DON'T RECALL


54

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): KENNETH S. TUCKER, ET AL.
2. COURT: MIDDLE DISTRICT OF JACKSONVILLE
3. CASE # 3:17-CV-483-J-39 MCR
4. NAME OF JUDGE ASSIGNED TO THE CASE: MONTE C. RICHARDSON
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: YES
7. WHAT WAS THE RESULT OF THE CASE: NOT APPLICABLE


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): SEC'Y DEP'T OF CORR.,
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 17-12244-F
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DONT RECALL


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): GARY ENGLISH
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 18-12219-B
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DONT RECALL

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): GARY ENGLISH, Et AL.
2. COURT: THE U.S. SUPREME COURT
3. CASE # 18-9175
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DONT RECALL


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): J. WILLIS, Et AL.
2. COURT: MIDDLE DISTRICT OF FORT MYERS
3. CASE # 2:18-CV-413-FTM-66 NPM
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: YES
7. WHAT WAS THE RESULT OF THE CASE: NOT-APPLICABLE


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): BARRY REDDISH, Et AL
2. COURT: MIDDLE DISTRICT OF JACKSONVILLE
3. CASE # 3:19-CV-1365-J-25 JRK
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DONT RECALL

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): BARRY REDDISH, ET AL
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 20-1169
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT KNOW
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DONT. RECALL

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   9-28-2020

Signature of Plaintiff

Printed Name of Plaintiff   COREY   MILLEDGE

Prison Identification #   Q12023

Prison Address   SANTA ROSA CORRECTIONAL INSTITUTION
5850 E. MILTON ROAD

MILTON   FL   32583
_City_   _State_   _Zip Code_

### B.      For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

_____
_City_   _State_   _Zip Code_

Telephone Number   _____

E-mail Address   _____

## DECLARATION OATH

I DECLARE UNDER PENALTY OF PERJURY THAT I READ THE FOREGOING AND THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT IN ACCORDANCE WITH 28 U.S.C. 1746. EXECUTED ON THIS 28ᵗʰ DAY OF SEPTEMBER 2020.

_Corey Milledge_

COREY MILLEDGE DC# Q12023

PROVIDED
TO SANTA ROSA C.I.
ON   SEP 28 2020
FOR MAILING BY

59