**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

COREY L. MILLEDGE,

    Plaintiff,

v.                                            Case No. 3:20-cv-00269-BJD-PDB

JEFFREY R. MCCLELLAN et al.,

    Defendants.

_____/

## DR. ESPINO'S COUNSEL'S RESPONSE TO MOTION FOR SANCTIONS

Defendant Dr. Gonzalo Espino's counsel responds to Plaintiff Corey Milledge's Motion for Sanctions (ECF No. 78) and states as follows:

## INTRODUCTION

Plaintiff's has improperly filed a meritless motion for sanctions against undersigned counsel related to a single statement made in Dr. Espino's Motion to Dismiss. ECF No. 52. In the Motion, Dr. Espino recounted the numerous federal lawsuits Plaintiff filed in support of an argument that this action is frivolous. In doing so, undersigned counsel noted that this review only looked at his federal cases, and "not the several lawsuits [Plaintiff] filed in Florida state court." *Id.* at 8. Plaintiff seeks sanction against undersigned counsel for this comment, alleging it is false because "Plaintiff never filed a lawsuit in the state courts." ECF No. 78 at 1.

To the contrary, as explained below, undersigned counsel's statement was not false—Plaintiff has filed several appeals and petitions in Florida state courts. Regardless, Plaintiff filed the motion without following the procedure in Federal Rule of Civil Procedure 11(c)(2), so his motion is procedurally improper.

## ARGUMENT

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 11.03 (3d ed. 2010)). "When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery." *Id.*

When a party seeks Rule 11 sanctions, they must comply with the requirements of Rule 11(c)(2). *Id.* at 1313. The subsection provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). *The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets*. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). Thus, Rule 11 includes a safe harbor period during which an attorney can correct the offending document after receiving notice of the alleged violation. *Rocket Real Estate, LLC v. Maestres*, No. 15-62488-CIV, 2017 WL 4303783, at *3 (S.D. Fla. Apr. 10, 2017), *report and recommendation adopted,* No. 15-62488-CIV, 2017 WL 4303784 (S.D. Fla. May 18, 2017), *aff'd,* 749 F. App'x 952 (11th Cir. 2019).

While the Eleventh Circuit does not appear to have addressed the issue, "Nearly every federal appellate court in the country has held that a Rule 11 motion can be granted only where the movant demonstrates strict compliance with the safe harbor provision." *Id.* at *4 (listing cases from various district and appellate courts).

Here, Plaintiff's motion for sanctions should be denied for two reasons: (1) it is procedurally improper and (2) it is meritless.

First, Plaintiff did not comply with the safe harbor requirements before filing his motion. On February 16, 2021, Plaintiff mailed counsel a letter with the motion for sanctions. Exhibit A. Undersigned received the letter February 22, 2021, which was counsel's first notice of the motion for sanctions. The motion for sanctions was also docketed February 22, 2021. As such, undersigned counsel was not provided with the required 21-day safe harbor period before Plaintiff filed his motion, which requires the motion be denied.

4846-0299-3630.1

Second, the motion is without merit. Plaintiff argues in his motion that undersigned counsel's statement regarding Plaintiff's "several lawsuits he filed in Florida state court" was false because "Plaintiff never filed a lawsuit in the state courts." ECF No. 78. This is untrue—or, at worst, a matter of semantics.

Prior to filing Dr. Espino's Motion to Dismiss, undersigned counsel ran a search on Westlaw for cases using Plaintiff's name. In addition to several federal cases appearing, 12 opinions from the Florida First District Court of Appeal appear in the Westlaw search results. Of those, eight were appeals from circuit court cases in Gadsen County, Florida; one was a petition for ineffective assistance of counsel; and three were cases over which the First District Court of Appeal had original jurisdiction, including a petition for writ of Mandamus and two petitions for ineffective assistance of appellate counsel. Undersigned counsel confirmed that these appeals and petitions were filed by Plaintiff by (1) comparing birthdates with records on the Gadsen County Clerk of Court website with the birthdate listed for Plaintiff on the Department of Corrections website, and (2) comparing Plaintiff's Department of Corrections prisoner number in online records from the First District Court of Appeal.

Based on this investigation, there is evidence that Plaintiff brought four petitions—of which the appellate court had original jurisdiction over three—and numerous appeals in Florida state court. Undersigned counsel contends these

4846-0299-3630.1

petitions and appeals are fairly described as lawsuits filed by Plaintiff in Florida state courts since they were proceedings initiated by Plaintiff in Florida circuit and appellate courts. To the extent Plaintiff contends otherwise, it appears to be no more than a matter of semantics. *See Vient v. Highlands News-Sun*, 829 F. App'x 407, 409 (11th Cir. 2020) ("The district court must 'determine whether a reasonable [party] in like circumstances could believe his actions were factually and legally justified'" when considering a Rule 11 motion, and quoting *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003)).

So rather than demonstrating sanctionable conduct, Plaintiff's motion is further proof of Dr. Espino's argument in the Motion to Dismiss. As argued therein, "a litigant's history of bringing unmeritorious litigation can be considered" in determining whether a complaint is frivolous under 28 U.S.C. § 1915. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Filing this motion for sanctions over an immaterial statement in a motion to dismiss—which, as demonstrated above, was supported by a thorough investigation of the facts—is just another "trifling litigation tactic" employed by Plaintiff that unnecessarily multiplies litigation. *Id.* at 1350. To be sure, this is not the first motion for sanctions Plaintiff filed in this case. ECF No. 77 (Plaintiff's Motion for Sanctions against co-Defendants and their counsel).

For the reasons argued above, the Court should deny Plaintiff's motion for sanctions as procedurally improper and substantively meritless.

4846-0299-3630.1

Dated: March 4, 2021.

          */s/ Jacob Hanson*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

Jacob Hanson (FBN 91453)
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
jhanson@bradley.com
***Counsel for Defendants, Dr. Gonzalo Espino, Courtney Danley, Ashley Turbyfill, Laura Wilkerson and Gregory Ford***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and mailed same via U.S. Mail to:

Corey L. Milledge, DC# Q12023
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL 32583
***Pro Se Plaintiff***

          */s/ Jacob Hanson*
***Counsel for Defendants, Dr. Gonzalo Espino, Courtney Danley, Ashley Turbyfill, Laura Wilkerson and Gregory Ford***

4846-0299-3630.1