UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

        Plaintiff,

v.                          Case No. 3:20-cv-269-BJD-PDB

JEFFREY R. MCCLELLAN et al.,

        Defendants.
_____

## ORDER

1.    Defendants Atteberry, Chambers, Chandronnet, Dean, Douglas, Hall, Halsey, Handley, Hanson, Honour, Kelly, McClellan, Mitchell, Reddish, Warren, Watson, and Watson's motions seeking leave to file a reply (Doc. 114) and requesting an evidentiary hearing (Doc. 119) are **DENIED without prejudice**. If the Court finds it requires additional briefing or evidence on the matter of exhaustion when reviewing Defendants' motion to dismiss (Doc. 100) and Plaintiff's response (Doc. 112), the Court will so direct at that time.

2.    Plaintiff moves to strike the Medical Defendants' notice (Doc. 115) of joinder in the Florida Department of Corrections (FDOC) Defendants' exhaustion defense (Doc. 122). Defendants oppose the motion (Docs. 123, 124), arguing Rule 12(f) of the Federal Rules of Civil Procedure does not apply and,

if it does, the Medical Defendants have not forfeited an exhaustion defense under Rule 12(g)(2).

Upon review, the Court finds Plaintiff's motion is due to be granted in part and denied in part. The motion is due to be granted only to the extent the Medical Defendants' notice will be stricken but not for the reason Plaintiff advances. Incorporating by reference arguments raised in the FDOC Defendants' motion to dismiss places a huge burden on the Court because Plaintiff's claims and factual allegations against the Medical Defendants are different than those asserted against the FDOC Defendants. An exhaustion analysis is fact-intensive and claim-specific; it is not a one-size-fits-all defense. In fact, a defendant asserting an exhaustion defense bears the burden of proving it. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 220 (2007) (holding a district court analyzing a complaint should dismiss any claims that have not been exhausted but may permit exhausted claims to proceed); Arias v. Perez, 758 F. App'x 878, 880 (11th Cir. 2019) ("A prisoner must exhaust each claim that he seeks to present in court.").

Moreover, the Medical Defendants have three separate motions to dismiss pending (Docs. 52, 90, 91), each of which is at least sixteen pages. Incorporating by reference an argument raised by other Defendants not only

thrusts upon the Court the work of defense counsel, it deprives Plaintiff an opportunity to respond and allows Defendants to exceed the page limit for motions. See M.D. Fla. R. 3.01(a).[1]

However, Plaintiff's motion is due to be denied to the extent he contends the Medical Defendants have forfeited an exhaustion defense under Rule 12(g)(2). The Court will afford them an opportunity to amend their motions to properly address exhaustion as it relates to the claims asserted against them.

Rule 12(g)(2) provides, "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Applying Rule 12(g)(2), the Eleventh Circuit has held, "a defendant must raise the exhaustion defense in his first Rule 12 motion, otherwise the defense is forfeited and cannot be raised in a later motion under Rule 12." See Brooks v. Warden, 706 F. App'x 965, 969 (11th Cir. 2017). But in Brooks, the district court granted the first motion to dismiss and, only after the Eleventh Circuit remanded the case—"and after more than three years of litigation"—did the prison official assert an exhaustion defense in a subsequently filed Rule 12 motion. Id. at 966, 967. The court noted, Rule 12(g) aims to "prevent piecemeal litigation in which a defendant moves to dismiss on

---

[1] The FDOC Defendants' exhaustion analysis spans more than ten pages.

one ground, <u>loses</u>, then files a second motion on another ground." <u>Id.</u> at 969 (emphasis added).

Here, the Court has not yet ruled on the Medical Defendants' motions to dismiss. Permitting them to amend their still-pending motions to dismiss comports with the spirit of Rule 12.

Accordingly, Plaintiff's motion to strike (Doc. 122) is **GRANTED in part** and **DENIED in part**. The Court **STRIKES** the Medical Defendants' notice of joinder (Doc. 115) but grants the Medical Defendants leave to submit amended motions to dismiss to assert an exhaustion defense. If the Medical Defendants choose to submit amended motions to dismiss, they must do so by **August 9, 2021**. Any amended motions to dismiss must not exceed twenty-five pages per Local Rule 3.01(a).

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of July 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Corey L. Milledge
Counsel of Record