UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

      Plaintiff,

v.                                   Case No. 3:20-cv-269-BJD-PDB

JEFFREY R. MCCLELLAN et al.,

      Defendants.
_____

**ORDER**

Before the Court is Plaintiff's "Motion for an Order and Motion for a Subpoena and Motion to File a Notice of Appeal" (Doc. 147; Pl. Mot.). Plaintiff says that he did not receive a copy of this Court's Order on Defendants' motions to dismiss (Doc. 142), and he subsequently learned the Court dismissed the claims against the medical Defendants—a ruling Plaintiff wants to appeal. Pl. Mot. at 1-2.

The precise relief Plaintiff seeks is confusing. In the opening paragraph of his motion, Plaintiff cites to, but does not explain the application of, Rules 7(b)(1), 45, and 60(b)(1), (6) of the Federal Rules of Civil Procedure, and he requests the following: (1) a copy of Doc. 142; (2) an order directing the Florida Department of Corrections to disclose to him all incoming legal mail logs for the month of March, so he can prove the Clerk did not send him a copy of Doc.

142; and (3) permission to file a notice of appeal from Doc. 142 if that Order is a final one. Id. at 1. However, later in the motion, Plaintiff asks that the Court re-issue its Order on the motions to dismiss, so that his thirty-day period to file a notice of appeal will begin anew. Id. at 2.[1] Finally, in his one-sentence "memorandum of law," Plaintiff invokes this Court's authority under Rule 60 to relieve him from "a final order or judgment." Id. at 3.

As an initial matter, the Court notes Plaintiff's motion is subject to denial on procedural grounds because he did not attempt "in good faith" to confer with opposing counsel under Rule 3.01(g),[2] the relief he seeks is unclear, and he does not explain how the single Rule he cites in the purported memorandum of law supports the relief he seeks.

Aside from the procedural defects, Plaintiff's requests are moot because the Court's partial dismissal Order (Doc. 142) is not a final, appealable one. 28 U.S.C. § 1291 provides in pertinent part, "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Under this section, "[a] 'final decision' is one by which a district

---

[1] According to Plaintiff, because he did not receive a copy of the Order—which the docket shows the Clerk mailed to Plaintiff on March 11, 2022—he was unable to timely file a notice of appeal.

[2] Plaintiff mailed defense counsel a letter on April 19, 2022, and he filed the motion on April 28, 2022, saying simply that he had not yet received a response to his letter. See Pl. Mot. at 3.

court disassociates itself from a case." Corley v. Long-Lewis, Inc., 965 F.3d 1222, 1227 (11th Cir. 2020) (alteration in original) (quoting Gelboim v. Bank of Am. Corp., 574 U.S. 405, 408 (2015)). In other words, a "final decision" is one that adjudicates all claims as to all parties, thereby "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment." Jenkins v. Prime Ins. Co., No. 21-11104, 2022 U.S. App. LEXIS 12074, at *2 (11th Cir. May 4, 2022).

In circumstances in which a court adjudicates only some claims as to some parties, the court may "direct entry of a final judgment as to . . . [those] claims or parties," but only when "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In this regard, Rule 54 "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). While district courts have discretion to enter partial judgment, the Eleventh Circuit has "counseled district courts to exercise th[at] limited discretion . . . conservatively." Id. at 166. See also Doe v. Red Roof Inns, Inc., 21 F.4th 714, 722 (11th Cir. 2021). A court should hesitate to exercise its limited discretion, for instance, "when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined." Ebrahimi, 114 F.3d at 164, 167-68

(holding the district court abused its discretion by entering partial judgment after dismissing some claims from a "prototypical shotgun complaint" because the court offered "no supporting rationale for its conclusion that Rule 54(b) certification was appropriate").

In this case, the Court's partial dismissal was not a "final decision" because it did not adjudicate all claims as to all parties. See 28 U.S.C. § 1291; Corley, 965 F.3d at 1227. And the Court did not exercise its authority under Rule 54 to certify partial judgment for appellate review. See Order (Doc. 142). Nor would entry of partial judgment have been appropriate here because "the factual underpinnings of the adjudicated and unadjudicated claims are intertwined," and there are no administrative interests or equitable concerns that would justify disregarding "historic federal policy against piecemeal appeals." See Ebrahimi, 114 F.3d at 166-67.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion (Doc. 147) is **DENIED**.

2. Given Plaintiff asserts he did not receive a copy of the Court's partial dismissal Order, which the Clerk mailed to him on March 11, 2022, the Court directs the **Clerk** to re-send Plaintiff a copy of Doc. 142 for his records.

4

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of May 2022.

                                                BRIAN J. DAVIS
                                    United States District Judge

Jax-6
c:
Corey Milledge
Counsel of Record