UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

    Plaintiff,

v.                                            Case No. 3:20-cv-269-BJD-PDB

JEFFREY R. MCCLELLAN et al.,

    Defendants.
_____

# OMNIBUS ORDER

Plaintiff Corey Milledge is a state inmate. His claims arise out of alleged incidents between March 2018 and October 2019. According to him, the warden threatened him for suing the warden, and the threat materialized into physical harm. *See generally* Doc. 17. Defendants Danley, Espino, Ford, Kelly, McClellan, Robinson, Turbyfill, T. Watson, and Wilkerson are no longer in the case.

This order addresses outstanding motions for discovery and a deadline in the scheduling order. *See* Docs. 152 (motion), 154 (response to Doc. 152), 157 (motion), 158 (response to Doc. 157), 161 (motion), 163 (motion), 164 (response to Doc. 161), 166 (response to Doc. 163), 167 (motion), 168 (motion), 169 (response to Doc. 168), 170 (motion), 171 (motion), 172 (motion), 173 (response to Doc. 172), 174 (response to Doc. 171), 175 (duplicate response to Doc. 172), 176 (response to Doc. 170), 177 (motion and reply to Docs. 173 and 175), 178 (exhibit to Doc. 172), Doc. 179 (letter to clerk). (Some docket text erroneously describes the substance of the filing.)

Besides the discovery and scheduling rules in the Federal Rules of Civil Procedure, the Court applies Rule 1, which provides that the court and the parties should construe the rules to secure the just, speedy, and inexpensive determination of every action and proceeding.

### Docs. 152 and 154

Milledge asks the Court to compel the defendants to produce documents and surveillance-camera footage in response to his request for production, explaining they have not responded to the request. The defendants explain they did not receive the request until they received the motion despite a conversation with Milledge about the missing request and his promise to send it. Accepting the defendants' explanation, the motion is **granted in part** and **denied in part**. To the extent they have not already, the defendants must respond to the request by **September 30, 2022**.

### Docs. 157 and 158

Milledge asks the Court (1) to direct the defendants' counsel to provide him document 143 (notice of appearance of counsel) and document 144 (answer and affirmative defenses) and all future papers filed with the Court and (2) to order the Florida Department of Corrections to produce the prison legal mail logs relating to him for March and April 2022. The defendants explain they told Milledge documents 143 and 144 were mailed to the address where he was incarcerated before he moved. They provide a letter in which their counsel provided him documents 143 and 144 and explained he need not file a motion to obtain papers he says he did not receive. Accepting the defendants' explanation, the motion is **denied** as moot. The defendants already have an obligation under Federal Rule of Civil Procedure 5(a) to serve Milledge papers

they file with the Court. If he does not receive a paper filed with the Court, he must try to obtain the paper from the defendants before filing a motion.

### Docs. 161 and 164

The defendants ask the Court to compel Milledge to sign a release of his medical records so they can obtain them and defend against his claims of physical injury and demands for compensatory and punitive damages. They explain he will sign a release for records from 2017 to 2022 only, and they argue complete medical records are necessary because he is litigious and repeatedly claims the same injuries. He responds they never asked him to sign a release and never requested his medical records—records he requested in his own discovery, discussed below.

Milledge has filed eight lawsuits here, the first in 2007. In this lawsuit, he alleges the first incident of excessive force occurred in June 2018 and resulted in injury to his eyes, chest, back, and right shoulder. Doc. 17 at 17–19.

Because Milledge places his medical condition at issue and demands damages for alleged injuries, because causation will be a disputed issue, because he has control over his medical records to the extent he can authorize their release, and because his only current complaint about signing the release is procedural, not substantive, the motion is **granted** to the following extent. By **September 16, 2022**, the defendants must provide Milledge a release form for his medical records from 2007 (the year of his first federal lawsuit here alleging injuries) to present, and by **September 30, 2022**, he must sign and return the release form.

Docs. 163 and 166

Milledge primarily asks the Court to compel the defendants to produce documents responsive to two requests for production of documents. In one request for production, Milledge asks for all records or information about complaints of abuse against state prison officials from 2013 to 2021 to show a pattern, a policy, a plan, motive, or intent.[1] He explains he is not seeking protected health information or information that would jeopardize security, and he relatedly requests an order protecting private information and appointing counsel to help him present the facts. In the other request for production, he asks for all records of civil-rights complaints against the defendants from 2013 to March 14, 2018, with allegations of lying, falsifying documents, failing to protect an inmate, failing to intervene to prevent harm to an inmate, failing to supervise personnel, or using excessive force against an inmate.[2] He argues the defendants failed to timely respond and, therefore, should be compelled to respond without objection. The defendants respond they did not receive the requests for production until Milledge filed them with the court and their response was timely. Among other arguments, they contend Milledge is trying to discover evidence that is not relevant to a claim or defense and is disproportionate to the needs of the case.

---

[1]Specifically, Milledge requests "[a]ll records or information show [sic] abuse complaints against the prison officials at the Florida State Prison, including incident reports, I-G investigation reports and findings, civilian letters, court orders and letters, inmate grievances, inmate letters, and government agency letters from January 1, 2013 to December 31, 2021." Doc. 163-1 at 1–2 (underlining omitted).

[2]Specifically, Milledge requests "[a]ll records of each civil rights complaint filed against the named defendant(s) concerning allegations of lying, false filing documents [sic], failing to protect, failing to intervene, failing to supervise, and using excessive force against an inmate from January 1, 2013 to March 14, 2018." Doc. 163-1 at 2 (underlining omitted).

4

Considering the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1), the motion is **denied**. At a minimum, Milledge requests evidence that is not proportional to the needs of the case considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1) (quoted). Although Milledge claims in count fifteen the warden violated his rights under the Eighth Amendment by failing to stop known widespread inmate abuse and by maintaining a "code of silence" allowing the abuse to occur, *see* Doc. 17 ¶¶ 117–24, the administrative and court complaints Milledge requests merely allege facts; they do not establish facts. Because his primary request is denied, so too are his secondary requests for a protective order and appointment of counsel (and, in any event, Milledge's filings demonstrate he is well able to proceed without counsel).

<u>Doc. 167</u>

Milledge asks the Court to extend the deadline to file discovery-related motions to give him sufficient time to review the discovery and obtain resources from the prison library. The defendants have no opposition. Finding that Milledge presents the good cause required by Federal Rule of Civil Procedure 16(b)(4) for modifying a scheduling order, the Court **grants** the motion and extends the deadline to file discovery-related motions to **October 14, 2022**. Milledge's discovery-related motions already filed after the previous deadline (July 5, 2022) are considered timely. To the extent Milledge also asks the Court in this motion to order the defendants' counsel to arrange for him to review discovery, the request is made in another motion and addressed below.

### Docs. 168 and 169

Milledge asks the Court to consider admitted facts he stated in requests for admission because defendants Dean, Hall, Halsey, Hanson, and Reddish neither responded to the requests nor asked for an extension of time to respond to them. They respond they timely answered the requests under Federal Rule of Civil Procedure 6(a) by mailing their answers on May 31, 2022, observing their answers were due that day because Milledge served them by mail on April 27, 2022, and May 30, 2022, was a federal holiday. The defendants are correct. The motion is **denied**.

### Docs. 170 and 176

Milledge asks the Court to compel defendants Hewitt-Watson and Hall to answer interrogatories, contending counsel implied by omission she had received the interrogatories but later claimed otherwise. The defendants respond their counsel told Milledge that Hewitt-Watson would respond if he mailed the interrogatories, and now that they have them, they can respond. Their counsel adds she has been trying to contact Hall to obtain his responses but has been unsuccessful. Considering the confusion and the interest in exchanging discovery over arguing about what was said, the motion is **granted** to the extent Hewitt-Watson and Hall must respond to the interrogatories attached to the motion by **September 30, 2022**.

### Docs. 171 and 174

Milledge asks the Court to overrule the defendants' objections and compel them to produce documents responsive to requests five and ten of his first request for production. As request five, he asked the defendants to produce

6

"[a]ny records sufficient to show model rules, regulation[s], policies, and procedures that serve[] as guides for formulation of policies or procedure and practice at the prison for 2018 and 2019." Doc. 171-1 at 3. The defendants objected on the ground the request is too vague. As request ten, he asked for his medical and mental-health records from June 6, 2018, to now. The defendants objected on the ground he can access his own records and they cannot without the release he refused to sign.

In the motion, Milledge disagrees request five is too vague and disagrees he can access his medical and mental-health records. In their response, the defendants say they "have no idea" what he is requesting regarding the guides because they have no access to "high-level security information relating to the implementation of policies within the Florida Department of Corrections" and make no policies. Doc. 174 at 2. They repeat they do not possess his medical and mental-health records. The motion is **denied**. The defendants cannot be compelled to produce documents they do not have, and Milledge himself presumably can access his own medical and mental-health records.

### Docs. 172, 173/175, 177, and 178

Milledge asks the Court to compel the defendants' counsel to arrange for him to review discovery. The defendants respond they provided the discovery to him and he failed to confer before filing the motion. He moves for leave to reply, and within that motion replies they did not provide the discovery as stated; rather, they provided only a response to a motion to compel. He further replies he mailed a letter to try to confer. The motion to compel is **granted** to the extent the defendants must arrange for Milledge to review discovery (if

7

they have not already) by **September 30, 2022**. The motion for leave to reply is **granted** to the extent the reply has been considered.

## Doc. 179

Milledge wrote a letter to the clerk asking for a description of documents filed in the case so he can reference them when he moves for relief. To enable him to reference documents and understand the subheadings in this order, the Court **directs** the clerk to send Milledge a copy of the docket sheet. Because he is not entitled to a free copy of the docket sheet, future requests may be denied absent a compelling reason for the relief.

**Ordered** in Jacksonville, Florida, on September 1, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of record
    Corey L. Milledge (Q12023)

8