UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

        Plaintiff,

v.                                             Case No. 3:20-cv-269-BJD-PDB

JEFFREY R. MCCLELLAN et al.,

        Defendants.
_____

## ORDER

Plaintiff, Corey Milledge, an inmate without a lawyer, is proceeding on an amended complaint (Doc. 17) for the violation of civil rights related to incidents that occurred at Florida State Prison between March 2018 and October 2019. *See generally* Doc. 17. On September 1, 2022, the assigned magistrate judge entered an Omnibus Order addressing multiple discovery disputes and Plaintiff's request for an extension of the discovery-related-motions deadline. *See* Order (Doc. 183).

Before the Court is Plaintiff's notice regarding discovery (Doc. 185); Plaintiff's motion to compel review of discovery (Doc. 186), which Defendants oppose (Doc. 187); Plaintiff's Rule 72 objection to the Omnibus Order (Doc. 188); Plaintiff's motion for extension of time to respond to Defendant Reddish's

amended motion for partial summary judgment (Doc. 189); and Plaintiff's motion for extension of time to file discovery-related motions (Doc. 190).

**Notice & Motion to Compel**

In his notice, Plaintiff contends Defendants disclosed records for his review but withheld "reports"[1] relating to the June 13, 2018 incident and video evidence of the June 6, 2018 incident. *See* Doc. 185 at 1-2. Plaintiff's notice is not a proper motion, and it appears to address, at least in part, the subject of Plaintiff's motion to compel. As such, the Court takes no action on Plaintiff's notice (Doc. 185) and directs the **Clerk** to **strike** it.

In his motion to compel, Plaintiff seeks an order directing Defendants to arrange for him to review surveillance videos and his deposition transcript. *See* Doc. 186 at 1-2.[2] Defendants contend they were unable previously to request the relevant surveillance videos because Plaintiff had not yet signed a medical release, and "the videos containe[] medical information." Doc. 187 at 1. Plaintiff signed the medical release on the day Defendants filed their repsonse, and Defendants represent they will make the videos available for Plaintiff's review

---

[1] It appears Plaintiff is referencing reports prepared in connection with the Inspector General's investigation of the subject incident. *See* Doc. 185 at 1.

[2] Surveillance videos were previously the subject of a motion to compel and addressed in the Omnibus Order. *See* Order (Doc. 183) at 2.

once they receive them. *Id.* at 2. Accordingly, as to the surveillance videos, Plaintiff's motion (Doc. 186) is **denied as moot**.

In their response, Defendants do not address Plaintiff's request to review his deposition transcript. Plaintiff says he wants to review his own deposition transcript so he can "make corrections," if necessary. *See* Doc. 186-2. However, Plaintiff does not say whether he requested, at his deposition, to review the transcript, nor is it clear whether a transcript is available.³ *See* Fed. R. Civ. P. 30(e)(1) (providing that a deponent must be allowed to review his deposition transcript within "30 days [of] being notified by the officer that the transcript . . . is available," if the deponent requested the opportunity to review the transcript "before the deposition [was] completed"). Plaintiff's request to compel Defendants to allow him to review his deposition transcript (Doc. 186) is **granted in part** only to the extent the Court directs defense counsel to notify Plaintiff within **fourteen days** of the date of this Order whether his deposition transcript is available and, if so, whether, when, and how he can review it in accordance with Rule 30(e)(1). Otherwise, the request is **denied**.

---

³ Defendant Reddish did not file a copy of Plaintiff's deposition transcript in support of his amended motion for partial summary judgment (Doc. 182).

3

**Objection to Omnibus Order**

The Omnibus Order addressed multiple discovery-related motions, most of which Plaintiff filed. *See* Order (Doc. 183). Plaintiff objects only to the magistrate judge's ruling on his motion to compel Defendants to disclose documents Plaintiff considered relevant to his custom/policy claim against Defendant Reddish. *See generally* Doc. 188.[4] In his complaint, Plaintiff alleges Defendant Reddish had a custom or policy of allowing officers to abuse inmates. *See generally* Doc. 17.

Rule 72 provides that a party may "serve and file objections to [a magistrate judge's order on a non-dispositive matter] within 14 days after being served with a copy [of the order]." Fed. R. Civ. P. 72(a). But a party objecting to a magistrate judge's ruling under Rule 72 must demonstrate that the ruling is "clearly erroneous or is contrary to law." *Id.* The "clear error" standard is highly deferential and difficult to satisfy. *See Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citing *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2002)). To grant relief, the district court must be "left with the definite and firm conviction that a mistake has been made." *Id.* (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*,

---

[4] The disputed discovery requests are quoted in the Omnibus Order. *See* order (Doc. 183) at 4 nn. 1, 2. *See also* Doc. 163-1 (Plaintiff's discovery requests).

4

126 F.3d 926, 943 (7th Cir. 1997)). A ruling will be "contrary to law when it fails to apply or misapplies" relevant, binding law. *Id.*

Plaintiff's objection is timely: the Clerk mailed a copy of the Omnibus Order to him on September 2, 2022, and he mailed the objection on September 15, 2022. *See* Doc. 188 at 1 (prison stamp). However, Plaintiff does not demonstrate the magistrate judge's ruling on a non-dispositive matter (discovery) was clearly erroneous or contrary to law. In fact, it appears Plaintiff misconstrues the ruling. He suggests the magistrate judge found his discovery requests were not "relevant." *See* Doc. 188 at 2. The magistrate judge made no such ruling. *See* Order (Doc. 183) at 5. The magistrate judge concluded Plaintiff "requested evidence that [was] not proportional to the needs of the case." *Id.* at 5 (citing Fed. R. Civ. P. 26(b)(1)). Upon consideration of Plaintiff's claim against Defendant Reddish and independent review of the at-issue discovery requests, *see* Doc. 163-1, the Court agrees that Plaintiff sought materials not proportional to the needs of the case. Accordingly, Plaintiff's objection is **overruled**.

### Motions for Extension of Time

First, Plaintiff asks for an additional 90 days to respond to Defendant Reddish's motion for partial summary judgment because he is still waiting to review discovery materials. *See* Doc. 189 at 1. Finding the request for more

5

time reasonable and receiving no objection from Defendants, the Court **grants in part** Plaintiff's motion (Doc. 189). Plaintiff must respond to Defendant Reddish's amended motion for partial summary judgment (Doc. 182) by **December 20, 2022**.

Next, Plaintiff asks for the discovery-related-motions deadline to be extended by 60 days because he still has not received from Defendants some witness reports and surveillance videos. *See* Doc. 190 at 1-2. But Plaintiff acknowledges defense counsel has communicated with him about these discovery matters and assured him she is attempting to obtain the witness reports (if they exist) and will contact the warden to arrange for him to review surveillance videos. *Id.* at 2. Plaintiff also asks the Court to direct defense counsel to file a notice with the Court regarding the outstanding discovery. *Id.* Plaintiff certifies he spoke with counsel about the motion, and counsel does not oppose it. *Id.* at 3.

Given Plaintiff's representation that defense counsel is working to produce the outstanding discovery and does not oppose Plaintiff's motion, Plaintiff's request for an extension of 60 days to file discovery-related motions (Doc. 189) is **granted**. However, the Court extends this deadline only as to the outstanding discovery mentioned in the motion (Doc. 189). Plaintiff may not raise objections to discovery already disclosed to him as of the date of his

6

motion (October 7, 2022). Plaintiff's request that defense counsel be directed to file a notice is **denied**.

    **DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October 2022.

                                                  BRIAN J. DAVIS
                                    United States District Judge

Jax-6
c:
Corey Milledge
Counsel of Record