UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

    Plaintiff,

v.                                        Case No. 3:20-cv-269-BJD-PDB

JEFFREY R. MCCLELLAN et al.,

    Defendants.
_____

**<u>ORDER</u>**

**I. Status**

Plaintiff, a former state inmate, is proceeding on an amended complaint (Doc. 17; Am. Compl.) based on conduct that occurred when he was housed at Florida State Prison (FSP).[1] Plaintiff asserts multiple counts against numerous Defendants, including Warden Reddish, who moves for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Doc. 182; Def. Mot.). Plaintiff opposes the motion (Doc. 195; Pl. Resp.).

---

[1] Plaintiff was released from state custody on January 25, 2023. *See* Florida Department of Corrections Offender Search, available at http://www.dc.state.fl.us/ (last visited Jan. 31, 2023). He updated his address with the Court by providing only an email address. *See* Notice (Doc. 197). Plaintiff is not an authorized e-filer pursuant to the Administrative Procedures for Electronic Filing, United States District Court, Middle District of Florida. As such, the Court will direct him to provide a mailing address.

## II. Motion for Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). When

2

the moving party has discharged its burden, the non-moving party must point to evidence in the record to demonstrate a genuine dispute of material fact. *Id.*

### III. Analysis

Warden Reddish seeks dismissal of count fifteen. Def. Mot. at 2, 4, 8-9. In that count, Plaintiff alleges Warden Reddish was "aware of widespread abuse of inmates . . . [but] failed to take corrective steps to stop it" and "maintained a custom or policy at [FSP] of the code of silence and allowing abuse toward inmates." Am. Compl. at 46-47.[2] Warden Reddish argues there is no evidence showing he adopted or maintained a custom or policy of abuse against inmates, and he invokes qualified immunity, contending he was "not aware of any violations of Plaintiff's constitutional rights." Def. Mot. at 6-9. In a supporting affidavit (Doc. 182-1; Def. Aff.), Warden Reddish avers Plaintiff's allegations of a custom or policy are "untrue." Def. Aff. ¶ 4.

In his response, Plaintiff contends Warden Reddish's motion should be denied because it was filed a week late. Pl. Resp. at 1. Plaintiff twice moved for more time to respond to Warden Reddish's motion, never raising a timeliness objection. *See* Docs. 189, 192. The Court finds any such objection

---

[2] Plaintiff also proceeds against Warden Reddish in count one (retaliation) and count ten (failure to protect). *See* Am. Compl. at 33, 41. Warden Reddish does not move for summary judgment on those counts.

3

has been waived, and judicial economy is best served by ruling on the motion. Substantively, Plaintiff concedes in both his response and a supporting affidavit (Doc. 195-1; Pl. Aff.), he has no documentary evidence showing Warden Reddish was aware of widespread abuse by staff against inmates at FSP but says the only reason he lacks such evidence is because the Court denied his motion to compel, "block[ing] [him] from obtaining the documents that [he] need[s] to support [his] claim." Pl. Aff. ¶ 6. *See also* Pl. Resp. at 5.

Apparently to overcome the lack of documentary evidence, Plaintiff contends he "verbally advised" Warden Reddish of at least fifty incidents of staff abuse against inmates at FSP between March 14, 2018, and September 3, 2020, but Warden Reddish "never investigated [his] complaints." Pl. Aff. ¶ 6. He also argues the incidents of which he complains in his complaint, coupled with his allegation that Warden Reddish "did not take any discipline . . . against the named Defendants who abused him," permit the inference that Warden Reddish had a custom or policy of permitting such abuse. Pl. Resp. at 4.

Prison officials sued in their individual capacities are "entitled to qualified immunity for [their] discretionary actions unless [they] violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Black v. Wigington*, 811 F.3d 1259, 1266 (11th

4

Cir. 2016) (quoting *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009)). Qualified immunity allows government employees to exercise their official duties without fear of facing personal liability. *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). The doctrine protects all but the plainly incompetent or those who knowingly violate an inmate's constitutional rights. *Id.* In other words, even if a prison official makes a decision that is later found to be constitutionally deficient, the official is entitled to qualified immunity if the decision was based on a reasonable misapprehension of the law governing the circumstances. *Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (citing *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)).

Upon invoking qualified immunity, a defendant bears the initial burden to demonstrate he was performing discretionary duties at the relevant times. *Id.* Plaintiff does not dispute that Warden Reddish was acting within the scope of his discretionary duties at the relevant times. As such, the burden shifts to Plaintiff, who must point to facts that, accepted as true, demonstrate Warden Reddish violated a clearly established constitutional right. *Id.*

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326

5

F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). A supervisor will be liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Cottone*, 326 F.3d at 1360 (internal citations omitted). When a claim against a supervisor is premised on a supervisor's knowledge of prior constitutional deprivations, the plaintiff must show those prior deprivations were "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

As Plaintiff readily acknowledges, he has no evidence showing Warden Reddish was aware of prior deprivations that were "obvious, flagrant,

6

rampant and of continued duration." *Brown*, 906 F.2d at 671. Even if Plaintiff reported to Warden Reddish fifty incidents of what Plaintiff perceived to be staff abuse against inmates, Plaintiff offers no evidence showing any of the fifty incidents he reported were constitutional violations of the kind he alleges in his complaint. Indeed, he does not describe with specificity any of the incidents he claims to have reported. Moreover, Plaintiff says Warden Reddish did not investigate his complaints, undermining his allegation that Warden Reddish was "aware" of widespread abuse. Finally, Plaintiff's own experiences with staff abuse as alleged in his complaint do not demonstrate or permit the inference that staff abuse was so "widespread as to be deemed authorized by the policymaking officials." *See Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022) (quoting *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011)). For the stated reasons, Warden Reddish is entitled to qualified immunity on count fifteen.

In his response and a separate motion (Doc. 196; Pl. Mot.), Plaintiff asks the Court to deny or defer ruling on Warden Reddish's motion to allow him an opportunity to obtain the documents he needs to substantiate his custom/policy allegations. Pl. Resp. at 5-6; Pl. Mot. at 1. He cites Rule 56(d), which provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

the court may . . . defer considering the motion or deny it . . . [or] allow time . . . to take discovery." Fed. R. Civ. P. 56(d).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff has had adequate time for discovery. The Court opened discovery on March 29, 2022, and set a deadline of June 24, 2022. *See* Order (Doc. 145). Plaintiff, an experienced *pro se* litigant, propounded discovery, including interrogatories, requests for production, and requests for admissions. *See* Docs. 152, 163, 168, 171, 172, 186. The Court entertained and ruled on motions to compel and, after so ruling, afforded Plaintiff time to obtain and review evidence subject to disclosure before having to respond to Warden Reddish's motion. *See* Orders (Docs. 183, 191).

As relevant here, in two requests for production, Plaintiff sought documents he thought could help him prove his custom/policy claim against Warden Reddish. *See* Order (Doc. 183 at 4 nn.1-2) (quoting Plaintiff's discovery requests). When Defendants did not respond to his requests, Plaintiff filed a motion to compel, which the magistrate judge denied, finding

8

the requests were not proportional to the needs of the case, and "the administrative and court complaints [Plaintiff] request[ed] merely allege facts; they do not establish facts." *Id.* at 5. Plaintiff objected to the magistrate judge's omnibus order (Doc. 188), and the undersigned overruled his objection. *See* Order (Doc. 191).

Plaintiff now asks the Court "to order the Florida Department of Corrections to provide" all the documents Plaintiff previously sought through discovery and his motion to compel. Pl. Resp. at 6. His request is merely another attempt to seek reconsideration of or circumvent the Court's order denying his motion to compel. The request is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Warden Reddish's motion for partial summary judgment (Doc. 182) is **GRANTED** to the extent Warden Reddish is entitled to qualified immunity on count fifteen.

2. Plaintiff's motion under Rule 56(d) (Doc. 196) is **DENIED**.

3. Within **fourteen days** of the date of this Order, Plaintiff must file a notice with a current *mailing* address.

4. This case is in a posture to proceed to settlement conference and, if settlement negotiations fail, to trial. The Court finds Plaintiff is entitled to

the appointment of counsel to assist him. *See* 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Thus, this case is **REFERRED** to the Jacksonville Division Civil Pro Bono Appointment Program so the designated deputy clerk of the Court may seek counsel to represent Plaintiff. The Court encourages the parties to attempt to settle the case privately in the meantime. If settlement negotiations are successful, the parties shall immediately notify the Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of February 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Corey Milledge (coreymilledge22@gmail.com)
Counsel of Record